# Gooden *v.* Moses Bros.

*Action for Breach of Special Written Contract.*

1. *Damages for breach of contract to lend or advance money.*—Under a written contract by which defendants agreed to sell and convey to plaintiff a vacant lot, and to advance to her $300 to build a house on it; $150, about one-fourth part of the agreed purchase-money, being payable in advance, and the residue in monthly installments of $8.50, which was also agreed on as the "monthly rental value of the premises," although the vacant lot had no rental value whatever; defendants having become insolvent, and made an assignment for the benefit of their creditors. after receiving the cash payment and several monthly instalments; *held*, that plaintiff could recover only nominal damages for their failure to advance the $300 to build a house, and could not be allowed to prove, as affecting the question of damages, that the value of the vacant lot was much less than the agreed price.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JOHN R. TYSON.

W. A. GUNTER, for appellant.

TOMPKINS & TROY, and H. STRINGFELLOW, *contra.*

HARALSON, J.—This suit is for the breach of a contract, the substance of which, so far as necessary to recite it, was that the defendants, Moses Bros., agreed to sell to the plaintiff, Carrie Gooden, a certain lot of land in the city of Montgomery, at the price of $622.50, one hundred and fifty dollars of which plaintiff was to pay, and did pay in cash,

[Gooden v. Moses Bros.]

and the balance was to be paid in monthly instalments of $15.00 each, with interest; and defendants, on the full payment of the purchase-money, were to give to plaintiff a warranty deed to the property. The contract contained the provision, also, that if plaintiff failed to pay said instalments of deferred payments of the purchase-money, the defendants should have the right to annul the contract, take possession of the lot, and retain out of the money paid $8.50, as rent per month up to the date of forfeiture, returning the surplus, if any, to plaintiff. The sum of $8.50 was "agreed and declared by the parties to be the monthly rental value of the premises." The plaintiff agreed to keep the property insured for the benefit of the defendants. After all the foregoing, and some other stipulations, comes the following and final clause of the contract: "And it is agreed between the parties to this agreement, that the parties of the first part [defendants] will advance three hundred dollars to build a house, the said party of the second part [plaintiff] obligating herself to repay the said amount as the lot is paid for, and to keep the building insured." The breach assigned was the defendants' failure to advance the $300 as agreed.

On the trial, the contract was introduced in evidence by the plaintiff, and she proved that she had complied with her part of it; that the lot was a vacant one, suitable only for a dwelling-house, and that, unimproved, the rental value of the lot was nothing; that she took a carpenter to defendants, with estimates for a $300 house, and defendants said the estimates were too high, and they would get their carpenter to put up a house for that sum, but had never done so, nor advanced her any part of the $300 they agreed to lend her, though often requested to do so, before the commencement of this suit; that the defendants, after the making of said contract with plaintiff, had failed, become insolvent, and made a general assignment for the benefit of their creditors, including the contract of the plaintiff, and that she has, since said assignment, been making payments for the purchase of said lot to their assignees. The plaintiff offered to prove the value of said lot, at the date of said contract for sale, and its present value; but the court, on objection of defendants, would not allow the proof, and plaintiff excepted. The court, on the foregoing state of the proof, charged the jury, at the request of the defendants, "That in this case the plaintiff was entitled to recover only nominal damages;" to which charge the plaintiff excepted; and it is on these reservations of exceptions that errors are here assigned.

There was no evidence that plaintiff made any effort to borrow from any other person the sum defendants agreed to advance to her, or that she could not, for any reason, have borrowed it, if she had made the effort to do so. Nor was there any evidence of what would have been the rental value of the lot, if it had been improved by the erection on it of a three hundred dollar house. The contract does not show that fact. It fixes the arbitrary sum of $8.50 as the agreed value of the monthly rental to be paid by plaintiff, in case she forfeited her contract, and this, without reference to whether the lot was improved or unimproved, and, as may be supposed, as a stimulus against the forfeiture by plaintiff. We refer to this lack of evidence, to show that if plaintiff's contention in the case was conceded, namely, that the measure of damages for a failure by defendants to lend this money is the difference between the rental value of the lot, improved and unimproved, there is no evidence on which to base such an estimate of recovery.

The rule is a familiar one, that the damages which are recoverable for the breach of a contract, must always be the natural and proximate consequence of the injury complained of; which rule excludes the idea of such damages as are merely consequential, remote or speculative, and limits a plaintiff's recovery, in actions *ex contractu*, to a just compensation for the actual loss which he has sustained by the defendant's failure to comply with his promise.—2 Greenl. Ev., § 256; *Trustees of Howard College v. Turner*, 71 Ala. 433; *Clements v. Beatty*, 87 Ala. 239; *Howard v. Taylor*, 90 Ala. 241.

The difference of damages for the breach of a contract for the sale and delivery of merchandise, and the breach of one for a failure of a party to advance or pay the money he agreed to lend another, is, on principle, the same, and scarcely distinguishable. The lending of money is as much of a business, as generally carried on, as the selling of goods. Generally, and except as modified by special circumstances, in the case of a contract for the sale and delivery of ordinary merchandise at a certain place, in a certain time, and at a certain price, the amount of damages that can be recovered for its breach is, the difference between the contract price and the market price of the same class of goods, at the time and place of delivery; because this enables the plaintiff to make himself whole, without any pecuniary loss, by going into the market and supplying himself with the same class of goods, at the same or a different price. Of course, the seller would be liable for any difference in the

price at which the goods were contracted to be sold, and at which they might be supplied. If, for any reasons, the purchaser may not thus protect himself from loss, the reason of the rule ceases, and can have no application.—*Bell v. Reynolds*, 78 Ala. 511; *Rose v. Bozeman*, 41 Ala. 678; Wood on Damages, § 12, p. 15.

Another well recognized principle is, that when one is injured by the breach of a contract by another, he is bound to protect himself, if he can do so, with reasonable exertion, or at trifling expense, and can recover of the delinquent party only such damages as he could not, with reasonable effort, have avoided.—*Ala. Iron Works v. Hurley*, 86 Ala. 219; *Culver v. Hill*, 68 Ala. 70; *Strauss v. Mertief*, 64 Ala. 299; *Miller v. Mariner's Church*, 20 Am. Dec. 341; 1 Sedg. on Damages, § 201.

The least damages that can be allowed for a clear breach of a legal duty are nominal damages, which are always recoverable, when such a breach is shown, and no special damages are proved.—*Bagby v. Harris*, 9 Ala. 173; *Adams v. Robinson*, 65 Ala. 586; *Trustees Howard College v. Turner*, *supra*. We conclude, therefore, that under ordinary circumstances, the damages for the breach of a contract to lend money can not be more than nominal.

The rate of interest on loans is fixed by law. If one contracts to lend it at a less rate than that fixed by law, and he fails to comply with his contract, and the other party has to borrow it elsewhere, and pay a greater rate, he may recover of the party violating the contract, the difference between the rate at which the money was agreed to be lent, and the rate he, the borrower, had to pay, inside the legal rate. 2 Sedgwick on Damages, § 622; *Thorp v. Bradley*, 75 Iowa, 50; *Luce v. Hoisington*, 56 Vt. 436.

As as been stated, there is an absence of evidence to show, that the plaintiff might not have protected herself from loss without more than nominal damages to defendants. This, she was bound to do, if she could.

The evidence sought to be introduced and excluded was irrelevant; and there was no error in the charge of the court to the jury.

Affirmed.