# Bixby-Theirson Lumber Co. *v.* Evans.

## *Breach of Contract.*

(Decided June 2, 1910.   52 South. 843.)

1. *Damages; Special Damages; Breach of Contract.*—Where the special and ulterior purpose of a party in making a contract, is disclosed to the other party to the contract at the time, such purpose becomes an element of duty imposed on the other party and afford a substantial basis for special damages in case of a breach.

2. *Same; Measure.*—The measure of damages for the breach of a contract to pay money is ordinarily the principal sum with interest, unless the obligation to pay money is special and refers to other objects than the mere discharge of a debt, in which case special damages may be recovered depending on the actual injury suffered.

3. *Same.*—Where a party contracted to advance another money with which to construct a dam of stone and concrete to take the place of a wooden dam furnishing power to a mill, and contracted to furnish logs by sawing which at a specified price, the borrower would be enabled to repay the money so advanced, and further contracted to furnish logs by sawing which at a stipulated price the borrower could saw at a profit, and such party failed to advance the necessary money after advancing a part of it, thereby causing loss to the borrower of a material advantage, the borrower was not required to assume the burden of going into the market for the balance of the money or to expend money in hand to complete the dam in the manner contemplated in the contract, but was entitled to sue for and recover such damages as would restore him to his status quo.

4. *Same.*—The measure of damages for a failure of a party to advance money for another to construct a dam to create power to run a mill does not include such profit as the borrower might have expected to realize from the operation of the mill, which the parties contemplated as the result of the contract because such profits were speculative and remote.

5. *Same.*—Where a party who contracted to advance money for another with which to construct a dam contemplated the expenditure by the borrower of his own money, only in case the sum agreed to be advanced was insufficient to complete the dam, the borrower could not recover as special damage the sums expended by him in the work on the failure of lender to advance the amount of money.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by M. H. Evans against Bixby-Theirson Lumber Company, for breach of contract. Judgment for

plaintiff and defendant appeals. Reversed and remanded.

JOHN A. LUSK, for appellant. The measure of damages in the case of a breach of contract to make a loan is the difference between the agreed rate of interest and the rate required to be paid if the money is procured elsewhere.—3 Paige on Contr. 2417-8; *McGhee v. Wineholt*, 63 Pac. 571. In the absence of averment that the money was desired for a special use, and that it could not be procured elsewhere, the measure of damages is the difference in the rates.—*N. Y. L. I. Co. v. Polk*, 68 S. W. 851. Damages for delay in payment of a debt is fixed as at the legal rate of interest.—*Lowe v. Turpin*, 44 N. E. 31; *London v. Tax District*, 104 U. S. 771; *Ins. Co. v. Diago*, 16 Watt. 357; 5 A. & E. Enc. of Law, 27. The profits to be derived from the operation of the mill were too remote and speculative.—*Moulthrop v. Hyatt*, 105 Ala. 493; *Nichols v. Rash*, 138 Ala. 372.

STREET & ISBELL, for appellee. While it is a familiar rule that the measure of damages for breach of promise to lend money is the difference between the legal and agreed rate (*Gooden v. Moses*, 99 Ala. 230) ; the facts in this case bring it within the principles declared in the case of *Hadley v. Baxendale*, 9 Exch. 341. The 2nd rule in that case is where there are special circumstances in the contract, and its observance which take it out of the usual course of things, and these circumstances are communicated to the other party, they become an implied element of the contract.—*Daugherty v. Am. U. T. Co.*, 75 Ala. 174; *Bell v. Reynolds*, 78 Ala. 511; *W. U. T. Co. v. Way*, 83 Ala. 542; 13 Cyc. 34, 35 and 54; 8 A. & E. Enc. of Law, 584, et seq. See, also, as to the measure of damages in this case.—*Manchester*

[Bixby-Theirson Lumber Co. v. Evans.]

*Bank v. Cook,* 49 L. P. N. S. 674; *Turpey v. Lowe,* 114 Ind. 37; s. c. 147 Ind. 652. Counsel discuss other as-signments of error, but without further citation of authority.

SAYRE, J.—Plaintiff in the court below, appellee here, recovered judgment for the breach of a contract by which defendant agreed to lend him sufficient money, in no event to exceed $2,000, with which plaintiff was to construct a dam of stone and concrete across Town creek where he then had a wooden dam which furnished power for the operation of a grist mill. Plaintiff undertook, also, with the money to be advanced, to purchase and set up in readiness for operation a turbine wheel and band sawmill, guaranteeing that the sum named would be sufficient for the improvements specified, and that he would complete them out of his own purse in the event it proved insufficient. To secure the loan defendant was to have, and did get, a mortgage upon plaintiff's water power and surrounding tract of land. The contract also contained a provision that for a fixed period after the completion of the improvements plaintiff was to saw logs for defendant at a fixed schedule of prices, giving preference to defendant's logs at any and all times. Defendant was to furnish logs enough to make the bill for sawing equal to the amount of money advanced. Payment was to be made in that way. After defendant had furnished money to an amount between $400 and $500, it refused to furnish more or to go further with the performance of the contract. Defendant, however, contended that it had fully complied with its contract by purchasing a mill for plaintiff by plaintiff's direction, the price of which, along with the money furnished, made up the sum agreed upon. Meantime plaintiff had torn away the

wooden dam and a waterhouse, which constituted a part of the plant, and had expended several hundred dollars of his own money in procuring and preparing stone for the proposed dam. He claimed damages on account of the diminished value of his property, loss of time, labor, and money expended in tearing away the old structure preparing for the erection of the new, and for loss of profits.

Notwithstanding Judge Stone's criticism of the leading case of *Hadley v. Baxendale,* 9 Exch. 341, in *Daughtery v. American Union Tel. Co.,* 75 Ala. 168, 51 Am. Rep. 435, and his refusal to apply the doctrine of that case to the peculiar facts of the case he had in hand—a case in which the defendant company had failed to correctly transmit a cipher telegram—he assented, and the courts generally assent, to the proposition that if the plaintiff's special, ulterior purposes in making the contract are disclosed, they then become an element of the duty thereby imposed upon the defendant, and afford a substantial basis for the assessment of special damages. The rule is clearly stated by the Supreme Judicial Court of Massachusetts in the following language: When the special circumstances are known to both parties, it is obvious that each may have contracted with reference to them; and that, if such was in fact the case, the party in fault may be held justly to make good to the other whatever damages he has sustained which were the reasonable and natural consequences of a breach under the circumstances so known and with references to which the parties acted. In such cases the larger damages may be recovered as having been in the contemplation of both parties and as naturally resulting, under the special circumstances, from the breach itself.—*Lonergan v. Waldo,* 179 Mass. 135, 60 N. E. 479, 88 Am. St. Rep. 365. The rule here stated requires that

both parties shall have contracted with reference to the special circumstances. In New York it is held that bare notice of special consequences which may result from a breach of contract will not suffice, unless under circumstances involving the implication that it formed the basis of the agreement.—*Booth v. Spuyten Duyvil Rolling Mill Co.,* 60 N. Y. 487. In *Daughtery's Case* it was said that if the special circumstances are communicated, they become an implied element of the contract. And in *Reed Lumber Co. v. Lewis,* 94 Ala. 626, 10 South. 333. it was held, in effect, that the engagement must have been entered into with reference to the special damages. Money, like the staples of commerce, is, in contemplation of law, always in the market and procurable at the lawful rate of interest. For the breach of a contract to pay, the principal with interest is the measure of damages. Such is the invariable measure in a creditor's action against his debtor.—1 Suth. Dam. § 76. It seems to follow, as was noted in *Gooden v. Moses,* 99 Ala. 230, 13 South. 765, that ordinarily the damages for the breach of a contract to lend money cannot be more than nominal. Recognizing the rule just stated, plaintiff invokes an application of the principle of *Hadley v. Baxendale* for the recovery of special damages by alleging in the third count of his complaint his inability to get from other sources money with which to replace his dam, and that defendant knew the fact, and knew that plaintiff was to use the money for the purpose of tearing away the improvements then on the land and erecting others in their stead. And special damages for the destruction of his improvements under these circumstances, and other special damages, as we have already noted, are claimed.

The principle on which special damages are recoverable for breaches of contract have been applied on correct

theory and evident justice to cases in which the contract was for the loan of money. In *Gooden v. Moses, supra,* Moses sold Gooden a lot upon the installment plan, and as part of the contract agreed to advance money with which the purchaser might build a house. Gooden sued for a breach in failing to advance the money. It was conceded by the court that plaintiff might have recovered special damages but for the fact that she failed to show that she might not have protected herself against loss, as she was bound to do, if she could. The following authorities will be found to support the proposition that where the obligation to pay money is special, and has reference to other objects than the mere discharge of a debt, special damages may be recovered according to the actual injury suffered.—*Lowe v. Turpie,* 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Turpie v. Lowe,* 114 Ind. 37, 15 N. E. 834; *McGee v. Wineholt,* 23 Wash. 748, 63 Pac. 571; *Western Union Tel. Co. v. Hearne,* 7 Tex. Civ. App. 67, 26 S. W. 478; *New York Life Ins. Co. v. Pope* (Ky.) 68 S. W. 851; 1 Suth. Dam. § 77; 3 Page Contr. § 1593.

In *Lowe v. Turpie* and *Western Union Tel. Co. v. Hearne, supra,* it was held that the plaintiff suing for the breach of a contract to lend money, and seeking to recover special damages, must allege, not only the peculiar facts causing the damages and notice of the same to the party guilty of the breach, but that all reasonable means within the power of the plaintiff had been adopted to prevent loss. In *Baxley v. Tallassee & Montgomery R. R. Co.,* 128 Ala. 183, 29 South. 451, this court held that the complaint should contain an averment of the special circumstances and that defendant had notice. Further the court did not go because the exigencies of the case did not require it to do so. There may be good reason for the rule of the Indiana and Texas cases re-

quiring an allegation of plaintiff's ability to prevent loss
where the breach is of a contract to lend money. But,
however that may be, there is in the contract in the pres-
ent case a feature which it would seem ought to relieve
the plaintiff of the burden of proving that he was un-
able to go into the market and borrow the money with
which to complete the contemplated improvement or
that he had not in hand the funds necessary for that
purpose. Such a course would not have made him
whole. The contract provided, not only that defendant
was to advance money with which plaintiff was to con-
struct a dam of stone and concrete in place of the wood-
en dam he already had, but that defendant was to furn-
ish logs by sawing which at a stipulated price plaintiff
was to be enabled to repay the money advanced, and that
defendant would furnish other logs which, we will as-
sume, the plaintiff might saw with a profit. It does
not appear that but for the last-mentioned stipulation
plaintiff would have entered upon the contract. Pre-
sumptively he would not. Defendant's breach of the
contract to advance money, unless it were excusable on
some ground set up in special pleas, involved by neces-
sity a breach of the collateral agreement in respect to
manner of repayment and the furnishing of other logs.
After the breach plaintiff owed defendant no duty to
take up the additional burden of going into the market
for money, or to expend money in hand, in order to com-
plete the dam in the manner contemplated by the con-
tract when it already appeared that he would lose in
any event a material advantage for which he had con-
tracted. Thereupon he was entitled to be made whole,
to compensation, to such damages as would be the equiv-
alent of a restoration of his status quo ante.

Profits such as the plaintiff may have expected to re-
alize from the operation of the mill in its improved form,

and which the parties doubtless contemplated as one result of the contract, were nevertheless speculative, remote, and incapable of that clear and satisfactory proof which the law requires to constitute recoverable damages.—*Reed Lumber Co. v. Lewis, supra; Moultrop v. Hyett,* 105 Ala. 493, 17 South. 32, 53 Am. St. Rep. 139; *Nichols v. Rasch,* 138 Ala. 372, 35 South. 409; *Southern Ry. Co. v. Coleman,* 153 Ala. 266, 44 South. 837. The contract speaks for itself, and conclusively, as to the expenditure by the plaintiff of money other than that to be advanced by defendant. It contemplated such expenditure in the event only that the sum agreed to be advanced was insufficient to complete the dam. Plaintiff was not, therefore, entitled to recover as special damages under the evidence sums so expended.

There are many assignments of error. We do not think the occasion demands a separate treatment of each of them. By reference to the opinion herein advanced it will be seen that the trial court in a number of rulings on the evidence and in some special instructions to the jury misconceived in part the measure of recoverable damages, and for those errors the judgment will be reversed, and the cause remanded for another trial. In other respects, the record shows no error.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.