# Bixby-Theisen Co. *v*. Evans.

### *Breach of Contract.*

(Decided November 28, 1911. 57 South. 39.)

1. *Appeal and Error; Review; Ruling on Pleading.*—A defendant may object to the evidence, request special charges, or except to the court's oral charge authorizing a recovery of unrecoverable damages, and hence error will not be predicated upon the refusal of the court to strike such items from the complaint.

2. *Same; Harmless Error; Evidence.*—Where the evidence did not call for the contents of the conversation, the admission of such parol evidence as to the time and place of conversation between the plaintiff and the president of defendant prior to the execution of the contract was not prejudicial to the defendant.

3. *Damages; Contract; Breach.*—In an action for a breach of contract to loan money to be used in part in reconstructing a water power attached to a sawmill, plaintiff was entitled to recover for actual losses including the cost of partially dismantling the old dam preparatory to its reconstruction, the cost of restoring it to its former condition after breach of the contract, and its rental value in the meantime, from the time its use was lost to plaintiff by reason of the improvements undertaken and until it could have been restored

in the exercise of reasonable diligence, after breach, also money expended on the faith of the contract as well as the value of labor, material and tools furnished by plaintiff and consumed in the proper prosecution of the work, provided they did not figure in the damages otherwise assessed.

4. *Same; Evidence.*—Where the action was for breach of contract to loan money to make improvements, plaintiff could show that in the negotiations leading up to the contract, he had communicated to the representative of defendant information of the fact that he would be unable to get money elsewhere, notice of such fact being a condition to plaintiff's right to recover substantial damages.

5. *Same; Breach; Profits.*—The contract stated and under it it is held that on its breach plaintiff was entitled to recover the rental value of the old mill during the reasonable time required for its restoration, or in lieu thereof, interest on the value of the mill, but not profits to be realized out of sawing logs in excess of the number sufficient to pay the debt, and those which plaintiff might have realized by the operation of the mill in its old form during the time necessary for its restoration after the breach, or profits reasonably to be expected from the business above the amount necessary to pay plaintiff's debt, nor profits to be earned during the time required for the restoration of the mill after defendant's breach, and which plaintiff might have earned, but for the breach; nor profits he expected to earn by sawing enough logs to pay his debts.

6. *Contracts; Breach; Damages.*—Where a contract to loan money to be used in the construction of certain improvements, provided on its face for the advancement of the total sum at one time, and that plaintiff should expend additional sums only in case the advancement was insufficient to complete the improvement, but there was evidence that the parties agreed on a method by which plaintiff made expenditures for labor for which he was reimbursed by defendants on the presentation of a payroll, showing such expenditures, the money expended by plaintiff under such arrangement was recoverable, when defendant subsequently refused to reimburse him.

7. *Contracts; Construction; By Parties.*—Where the contract itself contained nothing indicating that the construction of a new water house above the dam was not contemplated, it was competent for the parties to interpret the contract as providing for construction of such a house, as a part of the dam.

8. *Same; Breach; Effect.*—Where defendant contracted to loan a plaintiff a certain sum of money, with which to make certain improvements, plaintiff's misappropriation of funds advanced by defendant by diverting them to uses other than those contemplated by the contract, constituted a breach thereof, warranting defendant's refusal to further perform.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Milton H. Evans against the Bixby-Theisen Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Count 1 was as follows: "Plaintiff claims of defendant $1,900 damages for the breach of a contract whereby defendant promised to loan plaintiff enough money to erect certain improvements upon certain lands belonging to plaintiff, not exceeding $2,000; that the consideration of this promise was that plaintiff should tear away certain improvements already standing on said lands, and should erect certain new improvements, and after their completion should do certain work for defendant at agreed prices; that in pursuance of said contract plaintiff did tear away said improvements already on said land; that defendant broke its contract, in this: That it failed and refused to loan said money to defendant. And plaintiff avers that he has been damaged in this especially: He tore away the improvements on said land, which were of great value, to-wit, $500; he expended much money for labor in tearing the same away, to-wit, $250; he was unable to obtain said loan elsewhere, and was unable to erect new improvements, and he has been damaged on account of the loss of the rent on such premises and improvements for a long time, to-wit, 12 months; that the rental value, when completed, would have been a large sum, to-wit, $50 per month; that the value of said premises would have been great, had said new improvements been erected, to-wit, $3,500; whereas, they are not now worth over $500; that, relying on defendant's promise, plaintiff purchased material for the purpose of erecting said new improvements, of great value, to-wit, $1,000, but that on account of defendant's refusal to furnish said money, and the delay on account thereof, said material had greatly deteriorated in value, to-wit, $500; that,

relying upon the promises of defendant, the plaintiff was put to great expense and loss of time in making preparations to erect said new improvements, of great value, to-wit, $300, all of which has been lost and rendered worthless to plaintiff. And plaintiff avers that the several elements of special damages above set out were all within the reasonable contemplation of the parties at the time of making said contract and at the time of its breach by defendant."

Count 2: "Plaintiff claims of defendant the sum of $1,900 for the breach of a contract entered into between them, whereby for a valuable consideration defendant agreed to furnish and deliver at plaintiff's sawmill logs to be sawed by plaintiff as lumber at specified prices per M. feet, board measure, to the amount of, to-wit, $6,000, and in addition thereto did agree to pay plaintiff the sum of 30 cents per M. feet, board measure, for stacking said lumber; and defendant did agree to loan plaintiff the money necessary to erect and equip said mill, not exceeding $2,000, and that defendant has broken its said contract, in this: It refused to loan plaintiff said money, and thereby prevented plaintiff from complying with said contract, and defendant failed to furnish and deliver said logs, whereby plaintiff has been unable to saw said logs and stack said lumber, and because thereof plaintiff has lost a large profit, which he would have made on the sawing of said logs and stacking said lumber, to-wit, the sum of $1,999, and plaintiff avers that he has at all times been ready, able, and willing to perform his part of said contract, if defendant would perform its part of the contract, which was necessary in order to enable plaintiff to perform."

JOHN A. LUSK & SON, for appellant. A discussion of the questions here involved, together with the citation

of all the important cases bearing on the question here involved, will be found in a report of this case in 29 L. R. A. (N. S.) 194, and note. The measure of damages is the difference between the rate agreed upon, and the rate that plaintiff would have to pay,, had he procured the money elsewhere.—3 Paige on Contr., secs. 1593, et seq.; *N. Y. L. I. Co. v. Pope,* Ky.; *McGhee v. Wineholt,* 63 Pac. 571. The profits to be derived by the operation of the mill are too remote and speculative to authorize recovery.—*Moulthrop v. Hyatt,* 105 Ala. 493; *Nichols v. Reach,* 138 Ala. 372. On these authorities, it is insisted that the court erred in several assignments, and that the cause should be reversed and remanded.

STREET & ISBELL, for appellee. Most of the questions presented were decided adversely to appellant on a former appeal.—29 L. R. A. (N. S.) 194. Rulings on motion to strike certain claims for damages from the complaint will not be considered, as such was not the proper method of raising the question.—*So. Ry. v. Coleman,* 153 Ala. 266. The demurrers to the complaints and the pleas were passed on adversely to appellant on a former appeal, but see also.—*Treadwell v. Tillis,* 108 Ala. 262; *Equitable Co. v. Howard,* 140 Ala. 252. Authorities are not wanting which deny altogether the doctrine of renunciation.—9 Cyc. 636; 19 Am. Rep. 384, 3 L. R. A. 762. If insistence of performance by the promissor is continued, the attempted renunciation is not achieved.— *Kadish v. Young,* 48 Am. St. Rep. 548, and authorities next above. It was necessary to prove more than one purpose to divert the fund not contemplated by the contract, and therefore, charges and pleas based on this theory were properly refused.—*Emmett v. Hooper* 157 Ala. 587. The evidence as to the conversations, or rather the time and place of the same was without preju-

dice, as no effort was made to go into the details.— *David v. David,* 66 Ala. 139; 16 Cyc. 1117. It was competent to show that plaintiff informed the defendant of the purposes for which the loan was sought, and that he could not get the money elsewhere.—*Hadley v. Baxendale,* 9 Exch. 341; *Daugherty v. Tel. Co.,* 75 Ala. 174. On the subject of damages, counsel cite *Worthington v. Glenn,* 119 Ala. 51; *Danforth v. R. R. Co.,* 93 Ala. 620; 110 U. S. 344; 74 Am. Dec. 719. The cost of restoring the statu quo after the breach was recoverable.—13 Cyc. 59, et seq; 64 Ia. 736. The loss of the use of the property was recoverable.—54 Am. St. Rep. 598; 30 Am. St. Rep. 463, 43 Bart. 493. The depreciation of the tools was recoverable.—*Worthington v. Glenn, supra; Danforth v. R. R. Co., supra;* 110 U. S. 334. Plaintiff's time and labor was a legitimate element of recovery.—68 Vt. 116, and authorities supra. Counsel discuss the evidence, but without further citation of authority.

SAYRE, J.—There was no error in the court's rulings on the pleadings.—*Bixby v. Evans,* 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47.

The court overruled defendant's motion to strike from the complaint certain items of damages claimed. The rule here is not to predicate error of such rulings for the reason that the defendant may protect himself against injurious results, in case of error, by objections to the evidence, by exceptions to the court's oral charge authorizing recovery, and by special charges.— *Vandiver v. Waller,* 143 Ala. 411, 39 South. 136; *Southern Ry. Co. v. Coleman,* 153 Ala. 266, 44 South. 837.

Appellee was permitted, over appellant's objection, to adduce evidence of conversations between himself and the president of the defendant company prior to the

formal execution of the contract. So far as these rulings related to questions of time and place, without calling for the contents of those conversations, if erroneous, they were entirely lacking in prejudicial effect upon defendant's case, and cannot avail for a reversal.

It was competent for the plaintiff to show that in the course of the negotiations leading up to the contract he had communicated to the representatives of the defendant information of the fact that he would be unable to get money elsewhere. Defendant's notice of this special circumstance was a condition upon which plaintiff's right to the recovery of substantial damages depended.—*Bixby v. Evans, supra.*

When this case was here on the first appeal, after stating in a general way the contract between the parties, and the breach alleged by plaintiff, we said that actual damages shown might be recovered, but that profits such as the plaintiff may have expected to realize from the operation of the mill in its improved form could not be recovered because remote and incapable of that clear and satisfactory proof which the law required to constitute recoverable damages. Perhaps it would have been better to discriminate somewhat with reference to the different circumstances under which the profits claimed were to be earned, though nothing of that was intimated in the briefs which seemed then, as now, to treat them as all standing upon the same footing. Plaintiff agreed to saw all logs defendant might carry to the mill during five years at a price stipulated and to the full capacity of the mill, if this should be necessary, to give the defendant's business a preference over that of other persons, and this agreement the defendant might, at its option, extend for a further period of five years. Defendant's undertaking, on the other hand, was to furnish logs to be sawed by plaintiff and in a quantity which

would make the bill for sawing, at the rates specified, equal to the amount of money advanced by defendant; no more. As we read the contract defendant had the right to spread its compliance over the period of five years, at the end of which time the debt became due and payable. This agreement on the part of defendant provided the plaintiff with a means of paying the debt which was also secured by a mortgage on the mill and the tract of land upon which it was located. As for those profits to be realized out of sawing logs in excess of the number sufficient to discharge the debt, and those which the plaintiff might have realized by the operation of the mill in its old form during the period necessary for its restoration with reasonable expedition after the contract was breached, it is clear that they are speculative and unrecoverable. No profits can be predicated upon the business to be furnished by defendant over and above the amount necessary to enable the plaintiff to repay his debt, for it cannot be known how many logs defendant would have carried to the mill, or whether he would have carried any. No doubt the parties contemplated that defendant would carry other logs, but the defendant might have refrained from doing so without breaching his engagement. Profits to be earned during the time required for the restoration of the mill, and which plaintiff might have earned but for the alleged breach, are likewise uncertain. But for the loss of the use of his mill during the time required for its restoration, the law provides a reasonably certain measure of damages in its rental value, to be estimated on the basis of the property's former condition, provided that period was of such length that it could reasonably be said that the mill had a rental value; otherwise, interest on the value of the mill.—*Southern Railway v. Coleman, supra.* As for those damages claimed in the way of profits lost,

but which he expected to earn by sawing enough logs
to pay his debt, plaintiff hardly seems to be in much
better case. The contract fixes the price plaintiff should
receive, it is true, but the cost to him of sawing logs to
be furnished by defendant, and to be spread at defend-
ant's option over a period of five years, is as uncertain
as the other proverbial uncertainties of the saw-milling
business. The conclusion that plaintiff should not be
allowed to recover prospective profits as damages for
defendant's breach of its contract to furnish money, if
there was a breach, because such damages were too re-
motely connected in the contemplation of the parties
with the alleged breach, and because they are specula-
tive, we think is required of us by considerations of
justice that ought to obtain in such cases and by the
authorities cited in the opinition on the former ap-
peal.

But for actual losses, including herein the cost to the
plaintiff of partially destroying the old dam prepara-
tory to reconstruction, the cost of restoring it to its
former condition after breach of the contract, and its
rental value ad interim, that is, from the time its use
was lost to plaintiff by reason of the improvement under-
taken and until it could have been restored in the exer-
cise of reasonable diligence after breach, and including
also money expended on the faith of the contract as
well as the value of labor, materials, and tools furnished
by plaintiff and consumed in the proper prosecution of
the work, and not otherwise figured into the damages
assessed—for these things the plaintiff may have a
recovery, if entitled to recover at all.

The contract provided that "the party of the first
part (defendant) will advance to the party of the sec-
ond part (plaintiff) a sum of money, but in no event
to exceed $2,000 to be used by the party of the second

part as follows: The party of the second part is to furnish all the labor and material to construct and put in complete a stone and concrete dam across Town creek at a point where a wooden dam is now situated, and he will purchase and install complete a turbine wheel and band saw mill, * * * and the party of the second part for a valuable consideration guarantees that the sum of money to be advanced by the party of the first part will be sufficient for the purpose of the improvements herein specified, but in the event of such sum not being sufficient, he is to complete the same at his own expense." On the former appeal we said: "The contract speaks for itself, and conclusively, as to the expenditure by the plaintiff of money other than that to be advanced by defendant. It contemplated such expenditure only in the event that the sum agreed to be advanced was insufficient to complete the dam. Plaintiff was not, therefore, entitled to recover as special damages under the evidence sums so expended." This, for the reason that the contract on its face and without more must be construed as providing for the advancement of the total sum secured at one time. Now there are in the evidence contained in the record indications that the parties in executing the contract, as far as they went, agreed upon a method by which plaintiff made expenditures for labor for which he was reimbursed by defendant upon the presentation of pay rolls showing the expenditures. We hardly deemed it necessary heretofore to say that plaintiff could not have judgment for sums advanced by the defendant under these circumstances, but it seems proper now to say that if plaintiff expended under this arrangement any sums out of his own purse which defendant subsequently refused to reimburse, these may be recovered, provided, of course, plaintiff is entitled to recover at all.

Much is said about the water house. The contract provides for the construction of a dam and the purchase and installation of a turbine wheel and band saw mill. Nothing is said therein of the water house nor of the capacity of the wheel and band saw. There was evidence, properly admitted, to the effect that the water house constituted a part of the dam and that the parties mutually understood and intended that the wheel and band saw should be of a size and capacity which rendered a new water house necessary to the execution of the contract. If so, the water house and dam proper ought to have been placed upon the same footing in estimating plaintiff's recoverable damages, and the trial court properly refused those requested charges which assumed that the water house was not a part of the dam within the meaning of this last term as used in the contract.

There being nothing to the contrary in the language of the contract, it was competent for the parties to so interpret it, in which event it was the duty of the court to enforce the contract according to the interpretation put upon it in practice by both parties. There was, on the other hand, evidence for the defendant which went to show an agreement that the water house was to remain undisturbed, and the court was requested by the defendant to instruct the jury that, if there was such an understanding or agreement, plaintiff was not entitled to recover money expended in tearing out the old water house or building the new. A charge to that effect should have been given.

Defendant pleaded, and brought evidence tending to show, that plaintiff first breached the contract by the misappropriation of funds advanced by defendant by diverting them to uses other than those contemplated and agreed upon in the contract. There were no special

replications to these pleas. Charges hypothesizing proof of these facts and directing a finding for the defendant on such hypothesis should have been given.

We will not be understood as passing upon the legal sufficiency of those pleas which were ruled in favor of the appellant. Whatever may be said of those pleas, the issues should have been stated to the jury as they were formulated in the pleadings. Of some of the pleas it may perhaps be properly said that they were nothing more than the general issue.

The trial court in some respects held to a theory of the law of the case different from that stated, and the judgment reached must be reversed.

Reversed and remanded. All the Justices concur.