(101 So. 803)

## SUNNY SOUTH GRAIN CO. v. WEBB-SUMNER OIL CO. (6 Div. 294.)

(Court of Appeals of Alabama. Oct. 28, 1924.)

**1. Sales ⚔⚏418(2)—Measure of damages for failure to deliver goods sold stated.**

Measure of damages for vendor's failure to deliver goods sold, but not paid for, is ordinarily difference between market value at time and place of delivery and contract price, with interest, except where purchaser cannot readily purchase goods on market.

**2. Sales ⚔⚏418(4)—Measure of damages for failure to deliver cotton seed cake, stated.**

Measure of damages for seller's failure to deliver cotton seed cake, which could not be purchased on market, held difference between market price of cotton seed meal, which is nearest substitute, less cost of freight and grinding, and contract price of cake.

**3. Sales ⚔⚏418(7)—Remedy of buyer unable to obtain similar articles in market on seller's breach stated.**

In absence of market in which buyer may obtain similar articles on seller's breach, he may purchase, with reasonable care and diligence, best substitute obtainable, and recover difference between price thereof and contract price.

**4. Sales ⚔⚏418(7)—Buyer should exercise reasonable diligence on seller's breach to obtain elsewhere goods if unobtainable at place of delivery.**

On seller's failure to deliver, buyer must do all he reasonably can to mitigate loss, and, where like goods are unobtainable in market at place of delivery, he should exercise reasonable diligence to obtain them elsewhere.

**5. Sales ⚔⚏418(7)—Buyer unable to obtain like goods in market may recover actual loss from seller's breach.**

Buyer unable to obtain goods contracted for in market may recover actual loss from seller's breach, as for loss sustained, because of necessity of putting up with inferior goods and enhanced price necessary to pay in another market.

**6. Sales ⚔⚏418(8)—Only natural and probable damages from seller's breach recoverable in absence of special circumstances known to seller.**

Only such damages as are natural and probable result of seller's breach can be recovered, unless special circumstances from which special damages would arise were known to seller and may reasonably be considered as within parties' contemplation when contract was made.

**7. Sales ⚔⚏418(15)—Loss of profits during idleness of buyer's mill because of seller's failure to deliver goods held not recoverable.**

General profits, which buyer's feed mill would have made during period of idleness caused by seller's failure to deliver cotton seed cake to be ground into meal, held so largely conjectural and speculative as not to be recoverable.

**8. Sales ⚔⚏417—Award of only nominal damages for seller's failure to deliver goods held erroneous.**

Award of only nominal damages for seller's breach of contract to deliver cotton seed cake to be ground into meal at buyer's feed mill held erroneous under evidence.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages for breach of a contract by the Sunny South Grain Company against the Webb-Sumner Oil Company. From a judgment awarding nominal damages, plaintiff appeals. Reversed and remanded.

Horace C. Wilkinson, of Birmingham, for appellant.

Upon the question of damages recoverable counsel cites Alabama Chem. Co. v. Geiss, 143 Ala. 591, 39 So. 255; Watson v. Kirby & Son, 112 Ala. 436, 20 So. 624; McFadden & Bro. v. Henderson, 128 Ala. 221, 29 So. 640; 24 R. C. L. 336; Hardwood Lbr. Co. v. Adam, 134 Ga. 821, 68 S. E. 725, 32 L. R. A. (N. S.) 192.

R. J. McClure, of Birmingham, for appellee.

Damages recoverable are such as are within the contemplation of the parties. Ala. Chem. Co. v. Geiss, 143 Ala. 591, 39 So. 255; Penn v. Smith, 104 Ala. 445, 18 So. 38; Globe Ref. Co. v. Landa O. O. Co., 190 U. S. 540, 23 S. Ct. 754, 47 L. Ed. 1171. Profits are speculative and not recoverable. Dickerson v. Finley, 158 Ala. 149, 48 So. 548.

FOSTER, J. This was an action by the appellant against the appellee to recover damages for the breach of an alleged contract to ship 200 tons of cotton seed cake alleged to have been sold by appellee to appellant for delivery during February, 1921.

The trial was by the court without the intervention of a jury. The court found that there was a breach of the contract, and awarded the plaintiff (appellant) nominal damages only, holding that the damages claimed were speculative. As there was no cross-appeal by the appellee to test the correctness of the court's finding against the appellee on the facts, the only question presented for review here is, What is the rule for the admeasurement of damages for the breach of the contract?

The second count in the complaint alleged that there was a contract by defendant to ship to plaintiff 200 tons of cotton seed cake at a specified price and averred the breach of the contract, and that the plaintiff was engaged in manufacture and sale of grain feeds, and that this was known to defendant, and that at the time of the purchase the plaintiff notified defendant it was buying

this cake to grind and resell as cotton seed meal, and to use in its business of manufacturing and mixing grain feed. The plaintiff averred that as a proximate consequence of defendant's failure to ship the 200 tons of cotton seed cake it was forced to buy cotton seed meal on the open market at a price greatly in excess of the price it had contracted to pay the defendant for the cotton seed cake, and that plaintiff lost the profits it would have made in the resale of the cake as meal. The plaintiff claimed damages for the idleness of its plant by reason of the delay in getting cotton seed meal and by reason of the failure of the defendant to ship the cake.

[1] The ordinary rule is, where the vendor has failed to deliver to the purchaser goods sold, the measure of damages, if the purchase price has not been paid, is the difference between the market value of the goods at the time and place of delivery and the contract price, together with interest. McFadden & Bro. v. Henderson, 128 Ala. 233, 29 So. 640; Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Watson v. Kirby, 112 Ala. 436, 20 So. 624. But this rule does not apply where the purchaser cannot readily go into the market and supply himself with the desired goods by paying the difference in price, if any. McFadden v. Henderson, supra.

[2] Cotton seed meal is made by grinding cotton seed cake. Where the cake could not be purchased on the market, the plaintiff was entitled to purchase the nearest substitute (cotton seed meal) at the market price, and the measure of his damages was the difference in the market price of the meal, less cost of freight and grinding, and the contract price of the cake.

[3] Where there is no market in which a buyer may obtain similar articles purchased, he may purchase on the market the best substitute obtainable, using reasonable care and diligence, and recover of the seller the difference between the price of the goods substituted and the agreed contract price. 24 R. L. C. 336, p. 7.

[4-6] It is the duty of the buyer to do all that he reasonably can to mitigate the loss, and where the goods are not obtainable in the market where delivery was to be made, he should exercise reasonable diligence to obtain them elsewhere. 35 Cyc. (VII) pp. 640, 641.

"If the buyer cannot obtain the goods contracted for in the market, he may recover for his actual loss resulting therefrom, as for a loss sustained by reason of the necessity of putting up with inferior goods, and by the enhanced price he is obliged to pay in some other market." 35 Cyc. (VII) pp. 641, 642.

"Only such damages as are the natural and probable result of the breach can be recovered, unless the special circumstances from which the special damages would arise were known to the seller at the time the contract was entered into,

and may reasonably be considered as within the contemplation of the parties at the time of the contract." 35 Cyc. (VIII) pp. 642, 643.

In Alabama Chemical Co. v. Geiss, 143 Ala. 591, 39 So. 255, the court, speaking through Simpson, J., says:

"For the breach of a contract to sell and deliver personal property, the measure of damages is the difference between the agreed price and the price at which similar property could be purchased in the market, and that losses, sustained by the purchaser, by reason of his failure to realize profits on contracts which he entered into on the faith of receiving the personal property bought, are too remote, conjectural, and speculative to be recovered."

[7] The conduct of a mill business such as plaintiff was engaged in is necessarily subject to so many contingencies as to render it impracticable to determine what, if any, profits might have accrued from it during any given period when its operation was suspended. So the general profits which the plaintiff's mill would have made during the time it was forced to remain idle were so largely a matter of conjecture and speculation that they are not recoverable. Watson v. Kirby, 112 Ala. 436, 20 So. 624; Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Bromberg v. Eugenotto Cons. Co., 162 Ala. 359, 50 So. 314; Dickerson v. Finley, 158 Ala. 149, 48 So. 548. The damages claimed for loss of profits while the mill was idle were not proven, and were not provable or recoverable.

[8] The trial court found for the plaintiff and awarded nominal damages. If the plaintiff was entitled to recover, the damages to be awarded would under the evidence necessarily have exceeded the award of 1 cent.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.