(110 So. 602)

## McMILLAIN LUMBER CO. et al. v. FIRST NAT. BANK OF EUTAW. (2 Div. 898.)

(Supreme Court of Alabama. Nov. 26, 1926. Rehearing Denied Jan. 6, 1927.)

**1. Damages ⬳23 — Special circumstances, made known to one breaking contract to loan money, may impose liability for substantial damages.**

Generally, breach of contract to loan money imposes liability for nominal damages only, but special circumstances, made known to lender and in parties' contemplation when contract was made, may impose liability for substantial damages.

**2. Damages ⬳23 — Substantial damages by breach of contract to loan money held not recoverable, unless lender was informed of borrowers' inability to borrow elsewhere.**

In suit on notes, evidence of defendants' lost profits and rental value of their sawmill while idle because of their inability to borrow amount which plaintiff failed to loan, as agreed, *held* inadmissible, in absence of evidence that plaintiff was informed, and parties contemplated, when loan contract was made, that defendants would be unable to get such amount elsewhere.

Appeal from Circuit Court, Greene County; W. W. Patton, Special Judge.

Action by the First National Bank of Eutaw against the McMillain Lumber Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. F. Hildreth, of Eutaw, and R. B. Evins, of Birmingham, for appellants.

The breach of a contract to loan money, under special circumstances which are in the contemplation of the parties, imposes a liability, in which case the damages will be measured by the actual loss sustained. 17 C. J. 865; Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 So. 39; Murphy v. Hanna, 37 N. D.

156, 164 N. W. 32, L. R. A. 1918B, 135; Holt v. U. S. Co., 76 N. J. Law, 585, 72 A. 301, 21 L. R. A. (N. S.) 691; Lloyd Inv. Co. v. Ill. Sur. Co., 164 Wis. 282, 160 N. W. 58. Lost profits were recoverable as elements of damage in this case; but, even so, defendants were entitled to recover rental value of the plant during the period it would have been operated, but for the default of plaintiff, and also the value of logs it had bought for operation of the mill and which became useless. Bixby-Theisen Co. v. Evans, supra; Malone v. Reynolds, 213 Ala. 681, 105 So. 891; Southern R. Co. v. Coleman, 153 Ala. 266, 44 So. 837.

J. F. Aldridge, of Eutaw, for appellee.

There can be no recovery for a breach of contract to loan money, unless there are special circumstances in contemplation of the parties which impose liability. 17 C. J. 865. Lost profits are not recoverable, where they are conjectural or speculative, or not in the contemplation of the parties, or where no definite criteria can be furnished from which the same may be determined. Brigham & Co. v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28; Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 So. 39; Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Higgins v. Mansfield, 62 Ala. 267; Southern R. Co. v. Coleman, 153 Ala. 266, 44 So. 837.

MILLER, J. This is a suit by the First National Bank of Eutaw, a corporation, against the McMillain Lumber Company, a partnership, and the individuals composing it, to recover on several promissory notes given by them to it, which are described in the several counts of the complaint.

The defendants plead in short by consent, general issue, set-off, recoupment, and payment. The cause was tried by a jury. They returned a verdict in favor of the plaintiff, and this appeal is by the defendants from a judgment thereon rendered by the court.

The plaintiff proved, and the defendants admitted, the debt due evidenced by the notes sued on, but the testimony of the defendants tended to show that they gave the plaintiff a mortgage on their sawmill plant and certain timber on certain land therein described to secure this debt and additional indebtedness to be made; that the plaintiff agreed to loan the defendants the total sum of $15,000 under this mortgage contract for the purpose of enabling them to conduct a sawmill business; that the plaintiff loaned them a part thereof, to wit, about $8,000, and refused to loan the balance of the $15,-000, as it had agreed to loan them, and that, as a consequence of this breach of the contract by the plaintiff, they were unable to continue their sawmill business, and it was shut down.

This mortgage contract was entered into on the 28th of May, 1920, and secured originally six notes for $1,000 each, payable in 1920 or 1921. The six notes sued on are each for $1,000, and are all dated in 1922, and are payable either in 1922 or 1923; and it appears from the evidence that all, or nearly all, of them were renewal notes, given in extension of the unpaid balance already contracted under this mortgage. There is evidence that the mill stopped the latter part of July, 1920.

The plaintiff's testimony tended to show it loaned the defendants, under this mortgage contract, the total principal sum of about $13,000, and that it was borrowed for this lumber business; and there was no agreement that the plaintiff was to loan the defendants $15,000 or any other amount, under this mortgage for this lumber mill business.

The defendants offered to prove they could not borrow this money from any one else to continue this business; that the sawmill was closed because there was no money to pay the running expenses, and the defendants offered testimony tending to show lost profits, or tending to show reasonable value of the defendants' sawmill plant, or the reasonable rental value of the plant during the period it was idle on account of the appellee's default, and the court refused to allow the defendants to introduce such testimony.

This court, in Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 435, 52 So. 844 (29 L. R. A. [N. S.] 194, 140 Am. St. Rep. 47) wrote:

"It seems to follow, as was noted in Gooden v. Moses, 99 Ala. 230, 13 So. 765, that ordinarily the damages for the breach of a contract to lend money cannot be more than nominal."

In Baxley v. Tallassee & M. R. R. Co., 128 Ala. 183, 29 So. 451, it was held that the complaint should contain an averment of the special circumstances and that the defendant had notice.

In Bixby-Theisen Co. v. Evans, 174 Ala. 577, 57 So. 40, this court wrote:

"It was competent for the plaintiff to show that in the course of the negotiations leading up to the contract he had communicated to the representatives of the defendant information of the fact that he would be unable to get money elsewhere. Defendant's notice of this special circumstance was a condition upon which plaintiff's right to the recovery of substantial damages depended. Bixby v. Evans, supra, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47."

In 17 C. J. p. 746, § 77, we find this general text:

"Damages arising out of the special circumstances surrounding the contract and different from those which would naturally and probably flow from the breach of such a contract may be recovered, where it is shown that at the time of

making the contract the defaulting party had knowledge of such special circumstances. In the absence of proof of knowledge of such special circumstances by the defaulting party at the time the contract is entered into, only the amount which would arise generally and in the great multitude of cases not affected by any special circumstances from such a breach of contract may be recovered. In order that knowledge of special circumstances may increase the liability arising in the case of a breach of the contract it must have been brought home to the party sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it."

See, also, Blankenship v. Lanier, 212 Ala. 60, headnote 5, 101 So. 763.

[1] Generally, the breach of a contract to loan money will impose a liability for nominal damages only, because no injury will result as the same amount may be borrowed from another on the same terms. But special circumstances made known to the lender and in contemplation of the parties when the contract is made may impose a liability for substantial damages. Bixby-Theisen Co. v. Evans, 174 Ala. 571, headnote 4, 57 So. 39; Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; 17 C. J. p. 865, headnote 17.

[2] There is proof that the parties knew when the contract was made that the money was to be used in operating this sawmill business. And it is true defendants offered to prove they were unable to borrow it when the plaintiff failed to furnish the balance under the contract. But we find no proof, and no offer to prove, that at or before the time the contract was made the plaintiff was informed, and it was in the contemplation of the parties when the contract was entered into, that the defendants would be unable to get money elsewhere, if plaintiff failed or refused to let them have the $15,000 as the contract contemplated. The plaintiff's "notice of this special circumstance was a condition upon which defendants' right to recovery of substantial damages depended." Authorities supra.

So the court will not be placed in error for refusing to allow defendants to introduce testimony as to any of the substantial damages heretofore mentioned. Evidence of such damages was inadmissible, because there was no proof showing, or tending to show, the right of defendants to recover substantial damages.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.