350 So.2d 1031 (1977)
Charles WILLIAMS
v.
The CITIZENS BANK OF GUNTERSVILLE.
SC 2193.
Supreme Court of Alabama.
September 30, 1977.
Rehearing Denied November 4, 1977.
Charles W. Williams, pro se.
No brief for appellee.
PER CURIAM.
This is an appeal from the trial court's granting summary judgment against Charles W. Williams, the plaintiff, in a suit alleging breach of contract. We affirm.
Initially, we make several observations. First, Mr. Williams represents himself and he is not an attorney. His brief is inadequate and he fails to carry the burden of proof necessary on appeal. Second, the record is confusing. This arises from contradictions in Mr. Williams' complaint, affidavits, and deposition. Third, giving Mr. Williams the benefit of many doubts, his complaint alleges a breach of contract with a condition precedent which has not occurred. Lastly, assuming there was a breach of contract, Mr. Williams is entitled only to nominal damages.
Mr. Williams filed suit against The Citizens Bank of Guntersville in the Circuit Court of Marshall County on September 4, 1973, claiming money damages of $67,693.00 *1032 and demanding a jury trial. The complaint was amended on July 23, 1975, to include an additional $20,000.00 damages.
The nature of his claim is not without considerable doubt. The defendant and the trial court treated his claim as one for breach of contract to lend money. From our examination of the record, we are not inclined to disagree.
To avoid a recital of confusing facts, we will give a brief synopsis of the facts as we understand them. Mr. Williams alleges that he entered into an oral contract with Hayse McGahey as President of The Citizens Bank of Guntersville in late September, 1971, whereby the bank would lend him money to purchase the inventory or other property of the Lamarr Vice Lucky Bargain Store. The inventory and property were to be sold at auction by the Small Business Administration. Apparently, the store had not prospered. The complaint alleges in part:
"2. THAT, president of the said bank, Hayse McGahey, promised if I, Charles W. Williams, would BID IN the Lamarr Vice personal property SBA was advertising for sale at auction, the Bank would `furnish the money' . . .
"4. Having completed after several days work, the two determinations named herein, Charles W. Williams party of the second part (plaintiff in this action), promised, agreed and contracted as follows:
"(a) To bid on the Vice property at the auction and buy same unless some other bidder called out a bid over and above the maximum I was willing to pay."
The auction was held on October 15, 1971, and Mr. Williams was the high bidder with a bid of $7,500.00. Accompanied by two representatives of the Small Business Administration, he went to the Citizens Bank of Guntersville to obtain the loan proceeds to pay for his bid. Mr. McGahey refused the loan.
Concerning his encounter with Mr. McGahey, Mr. Williams' deposition reveals the following:
"Q. So, really, you could borrow it from . . . you indicated to Mr. McGahey at the time that you went there on the date of the auction or foreclosure sale and after he refused to lend you the money you said you could borrow it from anybody you wanted to?
"A. No, I didn't say that.
"Q. What did you say again?
"A. I said that I could borrow money elsewhere, I could go to the First National Bank at Florence if I wanted to, but I wouldn't go there because I was going to the First National Bank in Guntersville."
In Mr. Williams' affidavit in opposition to the Bank's motion for summary judgment is the following:
"I asked the two SBA representatives to give a showing that I was the high bidder and the money would be obtained from another source. They very obligingly did.
"I went immediately to the First National Bank and asked for an $8,500.00 loan. Mr. Willis, senior, and Cashier John Brookshire, were at the loan desk and responded, `The money is here for you; when do you want it?' My request was that the money be made available today, but I won't need the loan unless I can get the lease on the building transferred to me. `I'll see about that tomorrow and let you know.'
"I went to see Mr. MaGahey to get the lease transferred and got this answer: `. . . the bank has nothing to do with the lease.' That meant I could not get the building, and declined the loan with grateful thanks to Mr. Brookshire and Mr. Willis."
The trial court rendered summary judgment in favor of appellee on two grounds: (1) the contract was too vague, indefinite, and uncertain to support a cause of action and (2) the plaintiff failed to show that he could not obtain funds from another source on grounds as favorable as promised by the defendants.
Apparently, existence of the alleged contract is conditioned upon the happening *1033 of certain events. Scott v. Moragues Lumber Co., 202 Ala. 312, 80 So. 394 (1918). Mr. Williams says that Mr. McGahey told him that if he would go to the sale conducted by the SBA and bid the inventory of the business in at a price which would save the bank from its prospective loss of $1,250 which it had loaned the previous owner of the business, then the bank would loan him the money to pay the SBA. The condition precedent was that Williams bid in the property at a price and sell those same goods at a price which would pay off the loan to Williams with enough money left over to also pay the bank the $1,250 which it had invested in the business. From a reading of the record there is no evidence that the condition precedent was met. In fact, by the very terms of the condition precedent, it seems impossible for Williams to have performed it. In other words, Williams would have had to bid the property in, and sell the property at a price adequate to hold the bank harmless. It would be impossible for Williams to sell the goods at the very moment he was to get the loan from the bank and pay the SBA.
Moreover, even assuming there was a breach of contract, it is clear that Mr. Williams is entitled only to nominal damages.
"This court, in Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 435, 52 So. 844, 29 L.R.A. [N.S.] 194, 140 Am.St.Rep. 47, wrote:
"`It seems to follow, as was noted in Gooden v. Moses, 99 Ala. 230, 13 So. 765, that ordinarily the damages for the breach of a contract to lend money cannot be more than nominal.'
"In Baxley v. Tallassee & M.R.R. Co., 128 Ala. 183, 29 So. 451, it was held that the complaint should contain an averment of the special circumstances and that the defendant had notice.
"In Bixby-Theisen Co. v. Evans, 174 Ala. 577, 57 So. 40, this court wrote:
"`It was competent for the plaintiff to show that in the course of the negotiations leading up to the contract he had communicated to the representatives of the defendant information of the fact that he would be unable to get money elsewhere. Defendant's notice of this special circumstance was a condition upon which plaintiff's right to the recovery of substantial damages depended. Bixby v. Evans, supra, 167 Ala. 431, 52 So. 843, 29 L.R.A. (N.S.) 194, 140 Am.St.Rep. 47.'" McMillian Lumber Co., v. First National Bank of Eutaw, 215 Ala. 379, 380, 110 So. 602 (1926).
"`Generally, the breach of a contract to loan money will impose a liability for nominal damages only, because no injury will result as the same amount may be borrowed from another on the same terms. But special circumstances made known to the lender and in contemplation of the parties when the contract is made may impose a Liability for substantial damages. Bixby-Theisen Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L.R.A. (N.S.) 194, 140 Am.St.Rep. 47; 17 C.J., p. 865, headnote 17." McMillian Lumber Co., supra, at 381, 110 So. at 603.
Normal damages are "a small sum fixed, without regard to the extent of harm done, by the custom of the jurisdiction in which the action is brought." Corbin on Contracts, Vol. 5, § 1001, p. 29-30. See Kelly v. Fahrney, 97 F. 176 (C.C.A. 8th, 1899).
The judgment in this cause is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.
FAULKNER and EMBRY, JJ., concur in the result.
BEATTY, J., with whom MADDOX and SHORES, JJ., concur, dissents.
BEATTY, Justice (dissenting):
I dissent.
The trial court rendered summary judgment against the plaintiff on two grounds:
1. The contract was too vague, indefinite, and uncertain to support a cause of action; and
*1034 2. The plaintiff failed to show that he could not obtain funds from another source on grounds as favorable as promised by the defendants.
Both of these grounds are erroneous.
In his complaint, the plaintiff alleged a contract as follows:
"2. That, president of the said bank, Hayse McGahey, promised if I, Charles W. Williams, would bid in the Lamarr Vice personal property SBA was advertising for sale at auction, the Bank would `furnish the money' . . .

. . . . .
"4. Having completed after several days' work, the two determinations named herein, Charles W. Williams, party of the second part [plaintiff in this action], promised, agreed and contracted as follows:
"(a). To bid on the Vice property at the auction and buy same unless some other bidder called out a bid over and above the maximum I was willing to pay."
Thereafter, Williams bid in the property at the sale but was refused the loan by Mr. McGahey.
Williams is an elderly man who represented himself before this court on his appeal. Judging from the inartistic manner with which his brief is drawn, he drafted it himself. We accepted it, and allowed him to make an oral argument to us. One of the grounds he insists upon focuses upon the summary judgment granted against him, for he states under his Proposition Law II: "On a Motion for summary judgment, the court cannot try issues of fact, can only determine whether there are issues to be tried," and he cited Rule 56, ARCP, Committee Comments. In his argument under that proposition, he contends that the trial court's summary dismissal was not based upon the factual issues.
I will readily concede that much of the plaintiff's brief and argument is unclear, and that this lack of clarity, in the view of some, may rise to a failure to abide by the requirements of Rule 28 ARAP. But if that is so, we should be guided by our own mandate under Rule 2, ARAP, which states:
"When an appellate court . . . on its own motion, shall determine that a party . . . has substantially failed to comply with these rules . . . the appellate court shall cause notice to be sent to the party in default, notifying him, in general terms, of the deficiency.. . ."
We knew his brief was deficient when it was filed, and we let him make an oral argument based upon that brief. Although I believe it sufficiently places before us the propriety of the summary dismissal, if others disagreed then we should have given him an opportunity to clarify his position. It is now too late for this court to affirm the case on the tenuous ground that we don't understand what he states or what he wants.
On the merits of the appeal, the case ought to be reversed and remanded because Williams has stated a cause of action for breach of contract which would entitle him at least to nominal damages.
1. Pleadings are to be construed in favor of the pleader, and a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Rule 8, ARCP; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
This alleged contract was not vague and indefinite. The plaintiff has alleged that the defendant promised to lend the plaintiff the purchase price of a certain business if the plaintiff successfully bid in it, and the plaintiff promised to bid and buy it if he could buy it within the maximum he would pay.
Apparently, the trial court believed that these terms made the obligation of the plaintiff uncertain, that is, that the condition to his buying the property made his promised performance within plaintiff's will, with no obligation to be bound. We have held, however, that a valid contract may be conditioned upon the happening of an event, even though the event may depend *1035 upon the will of the party who afterwards seeks to avoid its obligation. Scott v. Moragues Lumber Co., 202 Ala. 312, 80 So. 394 (1918); DiBennedetto v. DiRocco, 372 Pa. 302, 93 A.2d 474 (1953). Such promises so conditioned are not illusory. Corbin on Contracts, § 149.
If we examine the respective promises by the test for consideration, that is, detriment to the promissor-bank, or benefit to the promisee-plaintiff, consideration for the bank's promise is established. The bank assumed an obligation it was not under prior to making its promise. The plaintiff obtained a benefit he had not enjoyed before, the obligation of the bank to lend the money. Plaintiff was obliged to bid, and defendant was obliged to lend if that bid was successful. A promise for a promise, pure and simple.
2. When the bank allegedly refused to lend the money, this was a breach of the contract. Ordinarily, where a complaint charges a breach of the duty owed to the plaintiff in such a manner that damages are presumed, it states a cause of action for nominal damages at least. Hinkle v. Ry. Express Agency, 242 Ala. 374, 6 So.2d 417 (1942). Plaintiff would not have been required to prove that he was unable to obtain funds from another source in order to state a cause of action for nominal damages. Such proof refers to substantial damages, not nominal damages.
Accordingly, the trial court was in error when it granted summary judgment on the bases mentioned, since that ruling was tantamount to a ruling that plaintiff had stated no cause of action. Therefore, I would reverse for further proceedings.
MADDOX and SHORES, JJ., concur.