# Christian *v*. Stith Coal Co.

## *Assumpsit.*

(Decided November 7, 1914.  66 South. 641.)

1. *Contracts; Mining; Construction.*—A contract which gives to another the right to mine, for a stipulated sum per ton, all the coal in a definite area in an entry to the mine, but which contains no provision for the time during which the right is assured, but shows that the right to mine depends on conditions whether the mine is operated by the owner, is a contract determinable at the will of either party, and is not subject to an action for its breach against the party terminating the contract.

2. *Trial; Direction of Verdict.*—Where the undisputed testimony of plaintiff showed that he was not entitled to recover, the court may properly direct a verdict for defendant.

3. *Appeal and Error; Harmless Error; Not Affecting Result.*— Errors and rulings not affecting the result, were without prejudice where plaintiff was not entitled to recover under the undisputed evidence.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Wiley Christian against the Stith Coal Company, for breach of contract to mine coal. The verdict was directed for plaintiff and defendant appeals. Affirmed.

F. A. GAMBLE, and NORMAN GUNN, for appellant.

BANKHEAD & BANKHEAD, for appellee.

McCLELLAN, J.—The appellant instituted this action to recover damages for the alleged breach of a contract to mine coal on the property of the defendant, appellee. The court gave the affirmative charge for the defendant, and so, it is asserted, upon the theory that the engagement shown by the evidence established an agreement to mine coal on defendant's prop-

[Christian v. Stith Coal Co.]

erty, but that its obligation was determinable at the will of either party. The agreement set forth in the evidence was not in writing; and its terms and purport, taking the view most favorable to the plaintiff, are to be ascertained from the testimony in the case, namely, that of the plaintiff. It is not practicable to undertake the statement of all the evidence relating to the elements of the agreement. Our conclusions, deduced from the undisputed evidence, lead to the application to this agreement of the doctrine of *Lambie v. Sloss, I. & S. Co.,* 118 Ala. 427, 433-436, 24 South. 108.

The agreement (we may assume for present purposes of review) gave to plaintiff the right to mine, for the stipulated sum per ton, all the coal in a definite area in one of defendant's mine entries; but no provision was made in the agreement for the time or period in or during which the right (assumed for the occasion) to mine the coal was assured the plaintiff. Indeed, the evidence of the plaintiff shows, without dispute, that the actual right of plaintiff to mine the coal depended upon the condition whether the mine was operated by defendant; the plaintiff affirming, both in his testimony and in recital of his acts in this very relation, that this right to actually mine and avail of this agreement was subject to defendant's right, unrestricted and unrestrained by anything in the contract, to determine when the mine should be operated. If, as the testimony shows, the defendant might, without breach of any obligation of the agreement, suspend the operation of the mine and thereupon suspend plaintiff's right to mine the coal in the area in question, it is clear, as pointed out in principle in *Lambie's Case, supra,* that the mineowner would be clothed with an uncontrollable right and power to defer the plaintiff's continu-

ance and completion of the mining in the area described in the evidence to an indeterminate and indefinite time, which, if the plaintiff were held bound to await in all readiness to proceed at such pleasure of the mineowner, would impose an insufferable burden, of a most uncertain duration, upon the plaintiff. It cannot be supposed that such was the intent of the parties. To so conclude would lay upon the plaintiff an obligation that might prevail through his life and, if breached by him, render him "liable to respond in damages for any failure to be thus prepared," even though great periods might elapse in which the plaintiff was not entitled to proceed with the mining under the agreement. There being, hence, no time fixed in terms by the agreement or by the duration of the operation necessary to mine all the coal in the area described, the engagement must be held, as in the *Lambie Case, supra,* to have been an agreement determinable at the will of either party, and, in consequence, not subject to breach by the mineowner, the appellee.

Not being entitled to recover for the breach of the agreement recited in plaintiff's undisputed testimony, there was no error in the action of the court in giving the affirmative charge for the defendant. All other rulings, if assumed to be affected with error, were without prejudice to the appellant.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.