(96 South. 900)

## COLUMBIA MOTORS CO. v. WILLIAMS.
### (7 Div. 354.)

(Supreme Court of Alabama. April 12, 1923. Rehearing Denied June 14, 1923.)

**1. Action ⚖️40—Counts averring breach of contract held not objectionable as seeking recovery of purchase money paid as well as damages for breach.**

Counts averring breach of a contract warranting the merchantability of automobiles sold to plaintiff as exclusive agent for the sale thereof in a certain territory, by shipping cars "inferior in material parts and workmanship" and "unsalable and worthless" to plaintiff, *held* not objectionable as alleging two distinct and inconsistent causes of action for damages for the breach and for rescission and recovery of the purchase money paid.

**2. Pleading ⚖️193(8)—That nonrecoverable damages were claimed cannot be urged by demurrer.**

That nonrecoverable damages are claimed cannot be urged against a complaint by demurrer; defendant having the right to protect himself against harmful results by objections to the evidence, exceptions to the oral charge authorizing recovery, and special charges.

**3. Pleading ⚖️193(1) — Counts warranting nominal damages are good on demurrer.**

Counts stating enough to warrant recovery of nominal damages are good on demurrer.

**4. Sales ⚖️442(1)—Actual proximate injury sustained by breach of warranty is general rule of damages.**

The actual proximate injury sustained by a breach of warranty is the general rule of damages.

**5. Sales ⚖️442(2)—Damages for breach of warranty are prima facie difference between value of goods as delivered and as warranted.**

The actual proximate damages for breach of warranty are prima facie the difference between the value of the goods as delivered and as warranted.

**6. Sales ⚖️441(4)—Difference between value of goods as delivered and as warranted may be shown by proof of reasonable cost of putting them in condition warranted.**

The difference between the value of goods as delivered and as warranted may be shown by proof of the reasonable cost of putting them in the condition warranted.

**7. Sales ⚖️434—Counts for money due and money received to plaintiff's use insufficient bases for recovery of damages for breach of warranty.**

Counts for money due and for money received by defendant to plaintiff's use are wholly inadequate as bases for recovery of damages for breach of warranty.

**8. Appeal and error ⚖️934(2)—Court's judgment in case tried without jury assumed not based on inadequate counts.**

The Supreme Court may assume that a judgment rendered by a court trying a case without a jury was not based on counts wholly inadequate as bases for recovery of the damages awarded.

**9. Damages ⚖️142—Special damage not claimed in complaint improperly allowed.**

Special damage not claimed in the complaint is improperly allowed.

**10. Principal and agent ⚖️41—Incidental expenses held not recoverable in action for breach of warranties of goods purchased for resale, in absence of allegations bringing them within parties' contemplation.**

In an action for breach of warranties of merchantability of automobiles sold to plaintiff for resale, pursuant to an exclusive agency contract, sums expended by plaintiff in making trips to other towns to establish agencies, equipping and paying rent for a storage and display place, employing salesmen and mechanics, and the value of his own services, *held* not recoverable, without allegations of special circumstances bringing them within the contemplation of the parties; not being prima facie recoverable as the natural and reasonable consequences of the injury described.

**11. Pleading ⚖️193(9), 355—Count sufficiently stating cause of action without exhibit made part by reference, but not appended, not subject to demurrer.**

A count sufficiently stating a cause of action without an exhibit made a part thereof by reference is not subject to demurrer, because the exhibit is not actually appended thereto; the remedy being by motion to take the count from the file.

**12. Pleading ⚖️423—Contract made part of count by reference in action for breach of warranty properly considered, though not appended to pleading, in absence of motion to strike.**

Where no motion was made to take from the file a count to which a contract made a part thereof by reference was not appended as an exhibit, the absence thereof was waived, and the court was justified in looking to the contract, when introduced in evidence, for a further statement and definition of the damages claimed for a breach of warranty therein.

**13. Principal and agent ⚖️41—Special damages shown by contract made part of complaint by reference to have been contemplated held recoverable in action for breach of warranties.**

In an action for breach of warranties of automobiles sold to plaintiff for resale, ex-

penses of providing a storage and display place, including rental and equipment, and. of employing agents in reasonable number and at reasonable prices, as shown to have been within the contemplation of the parties by their contract, made a part of the complaint by reference, and by evidence aliunde, *held* recoverable.

**14. Principal and agent ⊙⟫41—Sales agent suing for principal's breach of warranties of automobiles purchased for resale held entitled to expenses of renting and equipping place of business and paying salesmen's salaries.**

While damages may not be recovered, under a contract terminable at the will of either party, for anything left undone after its termination, a contract without mutual obligations being unenforceable, one, buying automobiles for resale, pursuant to an exclusive sales agency contract, in full force and effect for several months, requiring that he faithfully and diligently promote the seller's interest in the territory granted him, employ local dealers, keep enough cars in stock for display and demonstration purposes, provide facilities for handling and repairing cars in his territory, etc., may recover, in an action for breach of warranties of the cars sold, the actual expenses of renting and equipping a place of business and paying the salaries of salesmen, though the contract provided that either party might terminate it on five days' notice without assigning cause.

**15. Principal and agent ⊙⟫41—Sales agent suing for principal's breach of warranties of automobiles sold to plaintiff for resale held entitled to recover freight and insurance charges.**

A sales agent suing his principal for breach of warranties of automobiles sold to plaintiff for resale *held* entitled to recover freight and insurance charges as within the parties' contemplation.

**16. Trial ⊙⟫84(1) — Objection to evidence must point out specific defect.**

In an action for breach of warranties of automobiles sold to plaintiff for resale, a general objection to a question asked plaintiff as to what the cars would have been worth if in "first-class merchantable condition," as calling for illegal and immaterial testimony, *held* insufficient to raise objection that the question impliedly required too much of defendant, in that the law required only that the cars be in "merchantable condition."

**17. Principal and agent ⊙⟫41—Manufacturer's liability to sales agent for breach of warranties held not limited to replacing defective parts by manufacturer's standard warranty; "original purchaser."**

Liability for breach of warranties of merchantability of automobiles sold to a sales agent for resale *held* not limited to furnishing or replacing defective parts by incorporation in the contract of the manufacturer's standard warranty, limiting the manufacturer's obligation under its warranty of freedom from' defects to that of making good any parts returned to it within 90 days after delivery of the ve-

hicle to the "original purchaser," which meant the person buying the car from the dealer; there being no intent to provide a substitute for the legally implied warranty of merchantability, if different from such guaranty of freedom from defects.

**18. Principal and agent ⊙⟫41—Proof of sales agent's payment of purchase price for automobiles sold for resale held proper in agent's action for seller's breach of warranties.**

While a sales agent suing his principal for breach of warranties of automobiles sold to him for resale cannot retain the cars and recover the purchase price, proof of his payment thereof on receipt of the first consignment of cars was proper, not as meaning necessarily that he could recover the whole amount, but as fixing one term of the equation by which his recoverable damage, the difference between price and value, was to be ascertained.

**19. Appeal and error ⊙⟫1052(5)—Admission of evidence as to value of repairs of cars not involved held not prejudicial.**

In an action for breach of warranties of automobiles sold to plaintiff for resale, error in allowing plaintiff to testify to the value of work done on cars of a later shipment, which he had refused to accept, but got possession of by false representations to the warehouseman and afterwards sold to others, *held* not prejudicial to defendant, where the court charged plaintiff with the price at which he sold them, and no complaint was made that such price did not represent their full value at the time.

### On Rehearing.

**20. Principal and agent ⊙⟫41—Admission of evidence of cost of repairs by sales agent suing for breach of warranties held not erroneous, as authorizing recovery of such cost in addition to difference between value of goods as delivered and as warranted.**

In an action for breach of warranties of automobiles sold to plaintiff for resale, admission of evidence of the reasonable cost of repairing the cars *held* not erroneous, as authorizing recovery thereof in addition to the difference between the value of the cars as delivered and as warranted; evidence of such cost being admissible as a proper, though not exclusive, method of showing such difference, though plaintiff's efforts to repair proved inadequate to put the machines in the condition warranted.

**21. Appeal and error ⊙⟫1052(5)—Admission of evidence of other damages than that recoverable held not prejudicial to defendant, in view of amount recovered.**

Where the damages awarded plaintiff, suing for breach of warranties of automobiles sold to him for resale, afforded him scant compensation for his losses, and one item allowed was eliminated on appeal, defendant was not prejudiced by admission of evidence of the cost of repairs made by plaintiff, who did not recover such cost in addition to the difference between the value of the cars as delivered and as warranted.

**22. Appeal and error ⬤═878(1)—Damages disallowed need not be considered, where plaintiff does not appeal.**

On defendant's appeal from a judgment for damages for breach of warranties, claims improperly disallowed to plaintiff need not be considered, where he does not appeal.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by A. J. Williams against the Columbia Motors Company. From a judgment for plaintiff defendant appeals. Corrected and affirmed.

Counts 1 and 4 are as follows:

"1. Plaintiff claims of the defendant the sum of $15,000 and for cause of action alleges the following facts, to wit:

"Plaintiff avers that he entered into a contract in writing with the defendant, the said Columbia Motors Company, on the 9th day of March, 1920, whereby plaintiff became the authorized and exclusive dealer in Columbia automobiles and parts in the Gadsden district of the state of Alabama, and whereby the plaintiff agreed to purchase from the defendant certain automobiles as embraced in a schedule set forth in the face of said written contract; that said automobiles were to be ordered by the plaintiff from time to time as needed by forwarding shipping specifications to the defendant; that all cars bought by the plaintiff from the defendant were purchased for the purposes of resale in said Gadsden district; that plaintiff agreed to pay defendant for said cars its list price as the same may be from time to time established. by it for each and every Columbia car purchased as aforesaid, less a discount of 25 per cent. f. o. b. Detroit, Mich., drafts against bills of lading payable immediately upon arrival of cars.

"Plaintiff avers that the defendant agreed to sell and deliver to the plaintiff the said automobiles according to said contract and as the same were ordered from time to time by the plaintiff; that all the cars sold and delivered by defendant to plaintiff under said contract were to be new cars, and in first-class merchantable condition. Plaintiff avers that defendant breached its said contract in the following manner, to wit, that plaintiff ordered a carload of automobiles from defendant on or about the 29th day of March, 1920, pursuant to said contract; that the defendant shipped five automobiles in response to said order, and that said automobiles so shipped were inferior in material, parts, and workmanship; that they were unsalable and totally worthless to this plaintiff; that, as a proximate consequence of the defendant's said breach of its contract, plaintiff's business has been ruined; that he has paid out large sums of money in his efforts to put said cars in mechanical shape to sell; that he paid for the draft against the bill of lading covering said shipment of cars; that he has paid out large sums of money in providing and maintaining a place for the operation of said business and for the advertisement of same, and in the employment of salesmen and mechanics; that he deposited with the defendant the sum of $400 as a guaranty of his good faith in carrying out his said contract, which the defendant has failed and refused to return to plaintiff, though plaintiff has repeatedly demanded the same, all to the great damage of the plaintiff as aforesaid, wherefore he brings this suit; that he complied with the terms of the contract on his part—said contract is hereto attached and made a part hereof, marked 'Exhibit A.'

"4. Plaintiff claims of the defendant the sum of $15,000 damages and for cause of action alleges the following facts, to wit:

"Plaintiff avers that on or about the 9th day of March, 1920, he entered into a contract in writing with said defendant whereby plaintiff became the authorized and exclusive dealer in Columbia automobiles and parts in the Gadsden district, state of Alabama, and whereby the plaintiff agreed to purchase from the defendant automobiles at the prices stipulated or to be stipulated or fixed by the defendant from time to time during the period of time for which said. contract was to remain in force, which was until December 31, 1920; that all cars bought by the plaintiff from the defendant were to be paid for on delivery, the same to be shipped with bill of lading attached to draft for the purchase price, and all said cars to be so purchased by the plaintiff from the defendant under said contract were purchased for the purpose of resale in the district named in said contract; said cars being manufactured by the defendant and sold to the plaintiff as its dealer in said territory. Such cars so purchased for said purpose were to be in good merchantable condition and salable for use and service as automobiles.

"And plaintiff avers that on or about the 29th day of March, 1920, plaintiff, under said contract, ordered from the defendant shipped to the plaintiff, five automobiles; that the bill of lading therefor attached to a draft upon plaintiff in the sum of $9,451.79, and upon arrival of the shipment the plaintiff paid said draft and received the bill of lading for said cars, and when he went to unload the same from the cars in which they were shipped he ascertained that defendant had breached its said contract in this, that said automobiles were inferior in material and workmanship. The paint on said cars was cracked and peeling off. The engines in said cars were defective, so that the cars would not run, and the cars were unsalable and worthless.

"And plaintiff avers that he paid out large sums of money in his efforts to put said cars in condition so that they could be sold, and that in order to carry on his business as a dealer in said cars, as provided in said contract, he paid out large sums of money in providing and maintaining a place for the handling of said cars and for advertising said cars for sale, all of which was lost to the plaintiff because said cars were unsalable and could not be made salable on account of the defects above set forth.

"And plaintiff avers that he in good faith performed all his obligations to the defendant under said contract, but the defendant so failed and refused to perform the contract on its part, all to the damage of the plaintiff as above stipulated."

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dortch, Allen & Dortch and P. E. Culli, all of Gadsden, for appellant.

A purchaser retaining possession of property bought, and not rescinding the sale, cannot recover the purchase price, but must rely on breach of warranty. Hafer v. Cole, 176 Ala. 242, 57 South. 757; Abraham v. Browder, 114 Ala. 287, 21 South. 818; 35 Cyc. 606. Where a contract of sale is in writing, the purchaser cannot avail himself of a parol or implied warranty. Whitehead v. Lane & Bodley Co., 72 Ala. 39; 35 Cyc. 379; Barnes v. Blain, 16 Ala. 71; Wren & Glover v. Wardlaw, Minor, 363, 12 Am. Dec. 60; Ford Motor Co. v. Osburn, 140 Ill. App. 633; Mull v. Touchberry, 112 S. C. 422, 100 S. E. 152, Oldfield v. Int. Motor Co., 138 Md. 35, 113 Atl. 633; Payne v. Motor Co., 25 Ga. App. 677, 104 S. E. 453. The measure of damages is fixed by the contract, and extends no further than the replacement of defective parts. Expenses for equipping place of business, of salesmen, of trips to establish agencies, and of mechanics, are not recoverable. Larren v. Spalding Mfg. Co., 17 Ala. App. 310, 85 South. 593; Ford Co. v. Osburn, supra; Hodge & Williams v. Tufts, 115 Ala. 366, 22 South. 422; Marsh v. McPherson, 105 U. S. 709, 26 L. Ed. 1139; 5 Elliott on Contr. § 5112; Ala. Chem. Co. v. Geiss, 143 Ala. 591, 39 South. 255; Studebaker Corp. v. Miller, 169 Ky. 90, 183 S. W. 256. A contract terminable at will by either party cannot be made the basis of an action for damages for its breach. Christian v. Stith Coal Co., 189 Ala. 500, 66 South. 641; Lambie v. Sloss, 118 Ala. 427, 24 South. 108; Cold Blast Co. v. K. C. Co., 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696; Velie Motor Car Co. v. Kopmeier Motorcar Co., 194 Fed. 324, 114 C. C. A. 284; Robertson v. Garvan (D. C.) 270 Fed. 643; Oakland Motorcar Co. v. Indiana Auto Co., 201 Fed. 499, 121 C. C. A. 319.

C. W. Peters and W. T. Murphree, both of Gadsden, for appellee.

If improper elements of damage are claimed, demurrer is not the proper means to correct the defect. Cassells' Mill v. Strater Bros. Co., 166 Ala. 274, 51 South. 969. Count 1 and count 4 each states a cause of action. Code 1907, § 5321; 9 Cyc. 711; L. & N. R. Co. v. Johnson, 162 Ala. 665, 50 South. 301. Evidence of amounts expended in rental of a building, employing salesmen, etc., was admissible. Hadley v. Baxendale, 9 Ex. 341; Goldstein v. Self, 9 Ala. App. 100, 62 South. 369; Collins v. Stephens, 58 Ala. 543; Cohn v. Norton, 57 Conn. 480, 18 Atl. 595, 5 L. R. A. 572; Daughtery v. Am. U. Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; 1 Sutherland on Dam. (3d Ed.) 134. There being no express warranty in the contract as between manufacturer and dealer, plaintiff may rely on the implied warranty of merchantability. Kyle v. Bellenger, 79 Ala. 516;

Railroad Co. v. Railway Co., 44 Ohio St. 287, 7 N. E. 139; Pensacola Gas Co. v. Lotze, 23 Fla. 368, 2 South. 609; South Bend Ir. Wks. v. Cottrell (C. C.) 31 Fed. 254; Adams v. Adams, 26 Ala. 272; Lively v. Robbins, 39 Ala. 461.

SAYRE, J. [1-3] Count 1 of the original complaint and count 4 of the complaint as amended are assailed on the ground that they each allege two distinct and inconsistent causes of action: they seek damages for the breach of the contract alleged, thereby affirming its continued existence, and at the same time repudiate the contract by seeking to recover the purchase money paid thereunder. As we read the complaint, both counts proceed as for a breach of the covenants of a contract which the pleader undertakes to set forth according to its legal effect. The purpose of the contract, as it is alleged in both these counts, in substance, was to establish plaintiff as exclusive agent for defendant in the Gadsden territory and to effect an agreement for the sale by defendant to plaintiff of automobiles for resale by plaintiff at Gadsden and other places in that territory. The further averment of count 1 is that the automobiles to be delivered under the contract "were to be new cars and in first-class merchantable condition," and the breach alleged is that the cars shipped "were inferior in material, parts, and workmanship, unsalable, and totally worthless to this plaintiff." These allegations of count 1 sufficiently set forth the contract and a breach thereof. It may be conceded that on the case thus shown by this count the only recoverable item of damages alleged is that plaintiff "paid for the draft against the bill of lading covering said shipment of cars"; but this would not determine the count to be one for rescission. The allegation is of a breach, and in the circumstances stated plaintiff was entitled to recover the damage alleged. And if nonrecoverable items of damage were claimed, that fact could not be urged against the complaint by demurrer. In such case the defendant may protect himself against harmful results, by objections to the evidence, by exceptions to the oral charge authorizing recovery, and by special charges. Vandiver v. Waller, 143 Ala. 411, 39 South. 136; Southern Ry. v. Coleman, 153 Ala. 266, 44 South. 837. Like considerations obtain in the case stated in the fourth count, added by amendment, where the stipulation is alleged to have been that the cars "were to be in good merchantable condition and salable for use and service as automobiles," and the breach that the cars were defective in respects, which are named, and "were unsalable and worthless." At least, the counts stated enough to warrant the recovery of nominal damages and that made them good as against demurrer. Cassells' Mill v. Strater Bros., 166 Ala. 282, 51 South. 969.

[4-6] Quite a number of assignments of error raise the question whether under the complaint plaintiff was entitled to prove that he expended money in equipping a place for the storage and display of Columbia cars; in the payment of rent for such building; in employing salesmen in the effort to sell the cars he got from defendant under the contract; in paying for the services of mechanics who repaired the cars; and the value of his own services rendered to the same end; and the expenses of trips to Anniston and Ft. Payne to establish sub-agencies. The actual proximate injury sustained from the breach of warranty is the general rule of damages. For breach of warranty in the sale of goods such damages are prima facie, in other words, in the absence of special circumstances, the difference between the value of the goods at the time of delivery and the value they would have had if they had answered to the warranty. 2 Williston on Contracts, 1878; Snow v. Schomacker Mfg. Co., 69 Ala. 119, 44 Am. Rep. 509. This may be shown by proof of the reasonable cost of putting the article sold in the condition called for by the warranty. 69 Ala. supra; Hodge v. Tufts, 115 Ala. 379, 22 South. 422.

[7, 8] Counts 2 and 3 were the common counts for money due and for money received by defendant to the use of plaintiff. Such counts being wholly inadequate as bases of recovery for the damages in dispute, we may assume that the judgment rendered by the court, trying the case without a jury, was based on neither of them. The question then is whether the judgment may be sustained as upon counts 1 and 4.

On the authorities cited above, the cost of putting the cars in the condition warranted by defendant—reasonable cost, of course—was, on the face of the pleadings as they appear in the right record in this cause, provable as tending to show the amount of recoverable damages.

[9, 10] As for the item of $75 expended by plaintiff in making trips to Anniston and Ft. Payne to establish agencies at those points, it is, of course, in the absence of allegation bringing them within the contemplation of the parties when entering into the contract, too remote; nor is this item of special damage claimed in the complaint. It was improperly allowed.

The other items in dispute, as enumerated above, were not recoverable prima facie—cannot ordinarily be considered as the natural and reasonable consequences of the injury described in the complaint. They are claimed as special damages; but there is no allegation in the body of the complaint going to show that the parties contracted with reference to the special circumstances out of which these damages arose. In the circumstances of this case—there being no ostensible connection between these items of damage and the sale of automobiles, or even between them and a contract for the establishment of an agency for the sale of automobiles—an allegation of special circumstances to bring those elements of damage within the contemplation of the parties was necessary. Baxley v. Tallassee & Montgomery R. Co., 128 Ala. 183, 29 South. 451; Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Morgan v. Whatley, 205 Ala. 170, 87 South. 846; 8 R. C. L. p. 459, §§ 27, 28, where many cases are cited.

[11-13] However, count 1 purports to exhibit the contract between the parties, which by reference is made a part of the count. As matter of fact, the exhibit was not appended to the pleading. This defect was not pointed out by demurrer, nor was it the proper subject of demurrer, since the count without the exhibit sufficiently stated a cause of action; the remedy was by motion to take the count from the file. No motion having been made, the absence of the exhibit was waived, and when it appeared in evidence, as it did, our judgment is that the court was justified in looking to it for a further statement and definition of the damages claimed in the complaint. This contract by its terms disclosed the fact that the elements of special damages here in question were within the contemplation of the parties; it showed that it was contemplated that plaintiff should provide— and that meant rent and equip, if necessary— a place for the storage and display of the automobiles bought from defendant for resale, and that plaintiffs should employ agents, in reasonable number and at reasonable price, of course, and so brought the losses incurred by plaintiff in making such provisions within the category of recoverable damages according to the rule of the authorities to which we have referred. The evidence aliunde was to the same effect. Plaintiff was entitled to recover actual losses of the sort described in the complaint as thus interpreted. Bixby-Theirsen Co. v. Evans, 174 Ala. 579, 57 South. 39.

[14] Defendant (appellant) refers to section 15 of the contract, which provided that either party might terminate the contract on five days' notice without assigning cause therefor, and contends thereupon that it could not be made the basis of an action for damages for a breach; in other words, that there was in fact no executory contract between the parties. Christian v. Stith Coal Co., 189 Ala. 500, 66 South. 641, Lambie v. Sloss Co., 118 Ala. 427, 24 South. 108, and some federal cases in which there were contracts for the sale of automobiles similar in that respect to the contract under consideration, but lacking other material provisions, are cited in support of this proposition. The specific contention is that under the contract in evidence plaintiff was improperly allowed to recover damages on account of renting and equipping

a place of business and paying the salaries of salesmen. This theory of the case proceeds upon the assumption that the contract was only for the sale of automobiles; but the provisions for the contract make it something more. The automobiles were sold to plaintiff as furnishing the stock in trade of a business he was to build up and carry on, his own business, in and over which, however, defendant reserved to itself a certain benefit and a large measure of control. Still there remained mutual obligations to be fulfilled—an executory contract. This contract provided that plaintiff should faithfully and diligently promote defendant's interest in the territory granted him; he was to employ local dealers, but they were not to be the agents of defendant; he was to keep in stock sufficient cars for display and demonstration purposes; to provide at all times facilities for handling, repairing, and adjusting cars in his territory; to keep at least one competent automobile mechanic; he was to advertise defendant's cars; to furnish detailed statements of sales made by him —those among other stipulations. These stipulations demonstrate, we think, that the contract amounted to more than the ordinary sale of automobiles; that defendant had an interest in the business; that in making the outlays for which he now seeks to recover plaintiff was furnishing a part of the consideration upon which defendant agreed to sell him automobiles; and that a breach involved defendant in liabilities beyond those which attend a sale without more. So far as concerns the right summarily to terminate the contract, it remained in full force and effect for several months; and, as we understand the record, plaintiff was allowed to recover only such actual damages as were incurred by reason of losses suffered during the life of the contract in the reasonable effort to perform its conditions. The cases referred to merely decide, and correctly, we think, that damages may not be recovered under a contract terminable at the will of either party for what might have been done or left undone, in the event and after its termination, or that a contract without mutual obligations cannot be enforced—is no contract. Such is not the case here in respect of the damages awarded or the nature of the contract.

[15] The court overruled defendant's motion to exclude plaintiff's testimony that on one of the cars he paid out for freight and insurance the sum of $548.74. Plaintiff had to pay the freight in order to get the cars and no doubt common prudence suggested insurance. This damage must therefore be taken as within the contemplation of the parties.

[16] Plaintiff was allowed to answer the question, "What would they [the cars bought and paid for by plaintiff] have been worth if they had been in first-class merchantable condition?" The objection was general, that the question called for illegal and immaterial testimony. The argument is that by implication the question required too much of defendant —required cars in first-class merchantable condition, whereas the law, in the circumstances, required only that they should be in merchantable condition, citing Baer v. Mobile Cooperage Co., 159 Ala. 491, 49 South. 92. Conceding for the argument a difference between "merchantable" condition and "first-class merchantable" condition—though we do not think the cited case intends to establish any such distinction—the objection did not fairly call the court's attention to the point now taken against the ruling. The evidence was neither illegal nor immaterial. This and other like questions tended to establish, each in part, the measure of plaintiff's recoverable damages.

[17] It is further insisted that the contract limited the liability of defendant to the furnishing or replacing of defective parts. This refers to section 24 of the contract which incorporates the "manufacturer's standard warranty," by which the manufacturer warrants each new vehicle "to be free from defects in material and workmanship under normal use and service, our obligation under this warranty being limited to make good at our factory any part or parts thereof which shall, within 90 days after delivery of such vehicle to the original purchaser, to be returned to us," etc. A witness testified that "original purchaser" meant the person who buys the new car from the dealer. Such evidence has been received by the courts in a great variety of cases, not as contradicting, but as explaining, the terms of written contracts which are of a technical character, or have a limited meaning as used in some locality or, as here, in some branch of business. Many such cases are cited in the note to Jones on Ev. § 455, including our case of M. & C. R. R. v. Graham, 94 Ala. 554, 10 South. 283. And in this case the "manufacturer's standard warranty" sufficiently shows the terms to have been employed with the meaning to which the witness testified. Considering the purpose of the contract, the purpose, not to sell cars to plaintiff for his use, but to sell cars to him as one step in the establishment and maintenance of an agency—however qualified—for the sale of automobiles to "original purchasers," we think it cannot be held that there was the intent to provide a substitute for the legally implied warranty of merchantability, if indeed that is something different from a guaranty of freedom from defects in material and workmanship under normal use and service.

[18] There was no error in admitting evidence of the fact that plaintiff paid the sum of $9,125.66 when he got the first consignment of five cars. This was the agreed purchase price, it is true, and plaintiff could not retain the cars and recover the price. But proof of this payment was proper, not as meaning necessarily that plaintiff was entitled to recover

the whole amount, but as fixing one term of the equation by which his recoverable damage, the difference between price and value, was to be ascertained.

[19] The court allowed plaintiff to testify to the value of work done on two cars of a later shipment afterwards sold to Mrs. Farrar and T. B. Gwin. Plaintiff had refused to accept these cars; the evidence tending to show that he got possession of them by means of false representations to the warehouseman at Gadsden, who had them in charge. He was not entitled to compensation for repairs done on them, but the record shows that the court charged plaintiff with the price at which he sold them after being repaired. No complaint is made that the price obtained did not represent the full value of these cars in their condition at the time of the sale to Farrar and Gwin. We do not see that defendant was prejudiced by the rulings just here in question.

Our conclusion is that the charge of $75, the expense of visiting Anniston and Ft. Payne, should be deducted, and judgment rendered here for the balance of the amount for which plaintiff had judgment in the trial court.

Corrected and affirmed, at appellee's cost.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Rehearing.

SAYRE, J. [20-22] We have not written that plaintiff might recover both the difference between the value of the automobiles delivered to him and the value they would have had if they had answered to the warranty and the costs incurred in repairing or attempting to repair them, nor do we find that any such double recovery was permitted in the trial court. The ruling was and is that evidence of the cost of such repairs—reasonable costs, of course—was admissible as being one proper, though not exclusive, method of showing the difference between the value of the automobiles delivered and what would have been their value if they had answered to the warranty, and we apprehend this evidence was none the less admissible for that, as seems to have been the case, plaintiff's efforts at repair proved inadequate to bring the machines up to the condition warranted by the contract. Nor does it appear that plaintiff was in fact allowed to recover double damages. On the contrary, the damages awarded appear upon the whole to afford plaintiff scant compensation for his losses on account of the contract he entered into with defendant. Nevertheless the item of $75 was eliminated from the recovery for the reason that it appeared to have been erroneously allowed, while, as for the rest, we were unable to put a finger on any specific disallowance by which it might be balanced; nor was plaintiff appealing.

Other matters urged on rehearing are rather obviously without merit.

Application overruled.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.