This is a case involving a sale of land. The trial court, hearing the evidence without a jury, found for the plaintiffs and against the defendants, ordered rescission of the sale and refund of the money paid the grantor, and made an award of punitive damages. We affirm.
Gulf Shores, Ltd. is an Alabama limited partnership which owns land in Baldwin County. Smitty Realty, Inc. is an Alabama corporation with its principal place of business in Mobile County, and is engaged in the sale of real estate. Paul L. Smith (hereinafter Smith) is the sole general partner of Gulf Shores, Ltd., the sole stockholder and president of Smitty Realty, Inc., and a licensed real estate broker in Alabama.
Smith purchased the property, of which the disputed sale comprised a small portion, in 1977. After completion of surveys, consultation with a local engineering firm, construction of unpaved roads and drainage ditches, and selling several lots, Smith conveyed the property herein to the plaintiffs. The consultation with the engineering firm involved, among other questions, possible difficulties in parcels of property having suitable sites for septic tank installation [percolation ("perc") characteristics of the soil and the depth of the water table]. The engineer testified that he had advised Smith on state health regulations and on possible problems he could anticipate with the percolation properties of the soil, and of the depth of the water table. The engineer testified that this advice was given before the date of the sale to the plaintiffs.
After seeing advertisements placed by Smith, the plaintiffs, who were residing in Birmingham, and who had very limited experience in the purchase of property, arranged to meet with Smith in Gulf Shores to inspect the property. During the inspection, the plaintiffs asked Smith if the property would "perc." There was evidence that Smith replied that he did not know whether the soil would "perc," but that if it did not, it could be made to "perc" by moving soil from one part of the lot and using it as fill, which would have supposedly caused the water table to be further from the surface of the soil.
On May 13, 1979, the plaintiffs made an offer of $10,500 for a three-acre parcel of property, and subsequently the sale was closed and the deed delivered. The sales contract had no clause regarding the suitability of the soil for a septic tank. The plaintiffs paid $2,500 down and agreed to pay $106.67 a month. Plaintiffs made payments until March or April of 1982. In September of 1981, the plaintiffs had an engineering firm (the same firm which had worked for Smith) conduct an on-site inspection of the property in order to place a septic tank before moving a mobile home the plaintiffs had recently purchased onto the property. The engineer reported on September 10, 1981, that the
 ". . . property was covered with water. Present Health Department regulations require that land be 5' (five feet) to water to install a septic tank and a minimum of 2' (two feet) to water before filling. Under these regulations, you will be unable to fill your lot or install any type of septic tank system. The type soil on your property is Rains type soil. Rains is very wet soil year around *Page 73 
and is not suitable for septic tank systems."
The plaintiffs then contacted an attorney, who wrote Smith, asking that the sale be rescinded and the plaintiffs be refunded all money paid. Smith refused and the plaintiffs filed suit on March 29, 1982. The complaint had three counts: one for fraud and misrepresentation, one for material mistake or unilateral mistake on the part of the plaintiffs and inequitable conduct on the part of the defendants, and one for violation of Code 1975, § 22-27-7 (1981 Cum.Supp.), and regulations promulgated by the Alabama State Board of Health.
On January 24, 1983, the trial court entered a final judgment in favor of the plaintiffs and against Paul R. Smith, Gulf Shores, Ltd., and Smitty Realty, Inc. for $10,500, cancelled the promissory note, and directed the plaintiffs to execute a warranty deed to Gulf Shores, Ltd. for the property in dispute. The court withheld ruling on the remaining issues involved in the suit.
 I
The first issue is the standard of review we should apply. The seller argues the evidence before the trial court was not in dispute, and therefore, that the ore tenus rule would not apply and we should sit in judgment de novo. Samford v. FirstAlabama Bank of Montgomery, 431 So.2d 146 (Ala. 1983). We have reviewed the record of the evidence before the trial court, however, and have determined that the evidence was in dispute as to issues before the court on fraud, misrepresentation, and mistake. The evidence was particularly disputed whether Smith was aware, or should have been aware, that the land might not be suitable for septic tank placement before the sale of the disputed property to the plaintiffs. Where the evidence is in dispute, and the trial court has heard the testimony without a jury, there is a presumption of correctness attached to its findings and they will not be disturbed unless they are without supporting evidence, or are palpably wrong or manifestly unjust. Silverman v. Charmac, Inc., 414 So.2d 892 (Ala. 1982).
The sellers make four arguments, of which three relate to the weight and sufficiency of the evidence. The arguments as to fraud and punitive damages will be addressed first.
 II
The appellants' first two arguments will be addressed together as they are inextricably intertwined. The appellants argue the evidence did not support a finding they were guilty of fraud nor was the evidence sufficient for an imposition of punitive damages authorized by Code 1975, § 6-5-101. There is no dispute between the parties that the trial court's order included an award of punitive damages. Section 6-5-101 states:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Here, we are concerned with "misrepresentations . . . made willfully . . . or recklessly without knowledge." Our cases consistently hold that punitive damages may be recovered in an action of fraudulent misrepresentation if the misrepresentation is gross, malicious or oppressive, and is made with knowledge of its falseness, or so recklessly made as to amount to the same thing and is made with the purpose of injuring the plaintiff. Hall Motor Co. v. Furman, supra; ContinentalVolkswagen v. Soutullo, 54 Ala. App. 410, 309 So.2d 119 (1975);Randell v. Banzhoff, 375 So.2d 445 (Ala. 1980).
After a review of the record, we hold that there was sufficient evidence before the trial court to justify an award of punitive damages. An award of punitive damages in this type case is largely discretionary with the factfinder, in this case, the court. Randell v. Banzhoff, supra. Applying the rule of law to the facts here, we cannot say the trial court abused its discretion *Page 74 
in the award of punitive damages in this case.
 III
The appellants' third and fourth contentions are that failure on the part of the defendants to comply with the requirements of a State Board of Health regulation does not render sales of land invalid and the evidence did not support a finding of material mistake justifying a rescission of the sale.
The trial judge entered a general verdict in this case, and made no indication as to which of the particular counts of the complaint he based his decision on. We have already determined the trial court could have rendered the judgment on either of the other two theories of the complaint; therefore, even though we cannot determine on what ground or theory the judgment was rendered, the finding of the trier of fact could have been referred to either theory because each was supported by the evidence. See Columbia Motors v. Williams, 209 Ala. 640,96 So. 900 (1923). Moreover, under the ore tenus rule, the judgment of the trial court will not be reversed or disturbed on appeal unless it is without supporting evidence, is palpably wrong or is manifestly unjust. Silverman v. Charmac, Inc., 414 So.2d 892
(Ala. 1982); Holley, supra.
For the foregoing reasons, we must affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.