RUSSELL, Judge.
This is a contract case.
Following an ore tenus hearing, the trial court awarded Century -21 (appellee), as agent of the seller, the amount of $2,800, which represented a 10% commission for the sale of property owned by the seller, Jean Gentile (appellant). This appeal followed. We affirm.
The dispositive issue is whether a listing agreement is valid when the seller is not provided with a copy of the contract by the agent.
Initially, we note that where evidence is presented ore tenus, the court’s decision is presumed correct and will be upheld unless it is palpably wrong or manifestly unjust. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala.1983).
The appellant cites § 34-27-36(a)(10), Ala.Code 1975 (1985 Repl.Vol.), for the proposition that a real estate broker’s license may be revoked for failing to voluntarily furnish a copy of the listing agreement to each party executing the document. The trial court found, and we agree, that this section has no bearing on a realtor’s right to his commission, but instead addresses the authority of the real estate commission to discipline its licensed brokers. Furthermore, the evidence is un-controverted that the appellant was provided with a copy of the original listing agreement entered into by the parties.
While there was a subsequent modification of that contract, that modification was made on the face of the appellee’s copy of the listing agreement and initialed by the parties. No additional copy of the modified agreement was furnished to the appellant. The modification, however, affected only the amount of real estate to be sold and the purchase price and did not affect the originally agreed upon percentage of that price that was to be the appellee’s commission.
Consequently, in light of our standard of review, we find no error. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.