RUSSELL, Judge.
This is an appeal from an award of $8,750 pursuant to an insurance policy.
Gator Leasing Company, Inc. (appellee), leased a trailer to Gillard Roberson in August 1986. Pursuant to their lease agreement, Roberson was to insure the trailer against damage. Sometime during Novem *400 ber of that same year, Roberson became delinquent in his lease payments. Consequently, the appellee, assuming that the trailer was still in the possession of Roberson, initiated an action against him for the collection of his past due obligation.
The appellee also owned a business automobile insurance policy with Calvert Insurance Company (appellant) for the coverage of certain scheduled vehicles. This policy was in effect for the period beginning February 7,1986, and ending February 7,1987.
The whereabouts of the subject trailer were at the time of trial, and remain to date, unknown by the appellee. It was not until after Roberson incorrectly reported the location of the trailer, however, that the appellee became aware that the trailer was not in his possession and, thus, concluded that a larceny had occurred. Subsequently, the appellee initiated an action against the appellant for coverage under the aforementioned policy.
Following ore tenus proceedings, the trial court concluded that the trailer was covered by the terms of the appellee’s policy with the appellant, that the trailer was stolen, and that the appellee had notified the appellant of the alleged theft within a reasonable time. Accordingly, the appellee was awarded a judgment in the amount of $8,750.
This appeal followed. We affirm.
We find the dispositive issue to be whether the trial court had sufficient evidence before it to conclude that the alleged theft of the appellee’s trailer occurred during the period in which the insurance policy was in effect.
Initially, we note that, where the trial court has heard evidence presented ore tenus, its determination is presumed correct and will not be overturned absent a showing of plain and palpable error. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala. 1983).
We find that there was sufficient evidence presented which supports the trial court’s determination that the subject trailer was covered by the terms of the policy during the period in which the policy was in effect. After paying the first month’s rental, Roberson’s check for the second month’s payment was returned for insufficient funds, and thereafter, he made no payments at all. These events occurred in the latter part of 1986, clearly before the February 7, 1987, expiration date of the appellee’s policy with the appellant.
Furthermore, the president of the appel-lee company testified that several attempts were made to determine the whereabouts of the trailer, but that such attempts were made subsequent to the erroneous report by Roberson that the trailer was located in Texas. Although that report was not made until July 1987, nearly five months after the policy had lapsed, it was not until that time that the appellee was able to conclude that a theft had occurred. We find evidence that prior to that date, the appellee reasonably believed that the trailer was in the possession of Roberson and that it made every effort to secure payments owed to it by him.
Consequently, we determine that there was sufficient evidence before the trial court for it to reasonably conclude that the appellee was entitled to recover a judgment under the terms of the insurance policy. Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.